Moncure P.
delivered the opinion of the court.
This is a writ of error and supersedeas to a judgment of the court of the corporation of the city of Norfolk, rendered on the 28th day of May 1872 in an action of trespass on the case, wherein Charles Ormsby, an infant, suing by James Ormsby, his next friend, was plaintiff, and the Norfolk and Petersburg railroad company were defendants. The injury complained of in the declaration was, that the defendants so negligently conducted their engine and cars as to strike them with great force and violence against the plaintiff, by means whereof his right arm was so fractured and injured *554 that it became necessary to amputate the same, and it was thereupon amputated, and he was otherwise greatly wounded and injured, and by means of the premises the plaintiff was so maimed as to be disabled for the remainder of his life. Issue was joined on the plea of not guilty, which was tried by a jury; and a verdict was rendered in favor of the plaintiff, whose damages were assessed at 18,000. Whereupon the defendants moved the court to set aside the verdict and grant a new trial, upon the ground that the verdict was contrary to the law and the evidence. But the court overruled the motion, and the defendants excepted to the opinion of the court, and tendered a bill of exceptions, which was *made a part of the record. The facts proved on the trial of the cause were certified by the court; and judgment was rendered in pursuance of the verdict.
On the trial of the cause the defendants excepted to various opinions and rulings of the court, besides the opinion and ruling of the court in overruling their motion for a new trial, and tendered their several bills of exceptions, which were also made a part of the record. To the judgment aforesaid, the defendants applied to a judge of this court for a writ of error and supersedeas, which were accordingly awarded. The errors complained of are assigned in the petition for said writ, and are founded on the said bills of exceptions. The case was argued before this court with great ability and learning; and we will now proceed to consider and dispose of the questions presented by the record in the order in which they arise.
Firs&wkey;We are of opinion that the court below did not err in overruling the motion of the defendants to set aside the verdict of the jury and grant a new trial, upon the ground that the said verdict was contrary to the law and evidence.
The defendants contend that the injury complained of in this case did not proceed from any fault or neglect on their part; and that if it proceeded from their neglect at all, there was such contributory negligence on the part of the plaintiff or his parents in regard to the cause of the injury as exonerates them (the defendants) from liability to him therefor. We will consider each of these grounds of defence; and,
First, whether the injury proceeded from any fault or neglect on the part of the defendants?
Could the injury have been avoided by the use of any reasonable means which might and ought to have been used by the defendants? We are constrained to *'say that it could. In running cars propelled by steam along a railroad over the streets of a populous city, where there are a great many children, the greatest care and precaution are necessary, and ought to be used, to avoid danger to human life. The injury complained of in this case was caused by the running of the fiat car at Howell’s over the plaintiff, who had fallen on the railroad track just beyond the car; and the running of that car over the plaintiff was caused by its being propelled by the engine and moving train before it had been coupled with that train; whereas it ought and might conveniently have been coupled with that train before it was set in motion. The facts are certified, that if the coupling had been done before the flat at Howell’s lumber yard was set in motion, the injury would not have occurred; for, in that case, the flat car would not have been propelled more than three feet, and so would not have touched the plaintiff, who was “lying about six feet west of and beyond the said flat car, with his arm on the track, and the rest of his body on the north side thereof, looking as though he had stumbled and fallen, and was struggling to get up.’’ Whereas, “when the train struck the stationary car, and failed to make a coupling, the said stationary car was driven back on the track about one-half of its length, its whole length being from twenty-seven to thirty feet.” In consequence of which the flat not only reached the plaintiff lying on the track, but passed over him, and carried him several times around the car wheel. Why was not this connection made? Because there was no coupling pin then there with which to make it. Why was not one there? It is said that one had been left there with the flat in the morning, as had been the usual ^'practice in such cases, but that somebody had taken it away. Why was not such a probable danger guarded against by fastening the pin to the flat, so that it could not be taken away? or, why was not the precaution used of bringing a pin with the moving train, to be sure of being ready to make the connection at once? It is certified “that in Portsmouth the coupling pins left with the cars were so commonly thrown away by mischievous boys, or stolen by negroes, that the train master was put to great inconvenience, and adopted the plan of attaching them permanently to the cars.” Why was not the same precaution used in Norfolk, where the obvious danger of loss of the pins must have been just as great as in Portsmouth? Again, why was not the obvious precaution used— of making an examination before the stationary flat at Howell’s was set in motion, to see if there was anybody or anything under or near the car which could be injured by its being set in motion? This would have taken very little time, and given very-little trouble. There were several hands on the moving train, either one of which, without stopping the train, could have made the examination. It may be said that It was not probable there was any person or thing under or near the flat which could be hurt, as nothing was seen by those on the train or by the bystanders. Nothing, it seems, was carefully looked for by them. But was it so improbable as to excuse such a want of caution when human life and limb were at stake? A flat had been left standing in the street of a populous city *555 from "between nine and ten o’clock in the morning1 until between four and five o’clock in the afternoon of the day on which the injury complained of was done. Was it strange or extraordinary that the ^plaintiff, a child only two years and ten months old, should have been found on the track under or near the car then standing just in front of his mother’s door, and only forty feet therefrom? A fiat left nearly all day in the street might naturally be expected to be a play place for the neighboring children.
We are therefore of opinion, that the injury complained of in this case proceeded from the negligence of the defendants* who are therefore liable therefor; unless they can be exonerated from such liability on the ground of contributory negligence. We therefore proceed now to consider:
Secondly. Whether there was such contributory negligence on the part either of the plaintiff or his parents, in regard to the cause of the injury, as exonerates the defendants from liability to him therefor.
In regard to any negligence on the part of the plaintiff himself, it has not been contended, and cannot be, that he was old enough to be guilty of any, or, at all events, that he was guilty of any in this case. And in regard to any negligence of his parents, or either of them, if such negligence can be imputed to him, about which we will presently enquire, when we come to consider the case upon the instructions, we think it very clear that there was in fact no such negligence on their part. The facts which are certified in the record a.re conclusive on this subject; and we will not repeat them, as they may be seen by reference to the certificate.
We therefore conclude, on this branch of the subject, that the court below did not err in overruling the motion of the defendants to set aside the verdict, upon the ground that it was contrary to the law and evidence.
x"Sec6nd. We are of opinion, that the court did not err in refusing to give the instruction asked for by the defendant, numbered two, three, four, five, six, seven, eight and nine; nor in giving instruction numbered one, with certain modifications.
The second instruction is objectionable on two grounds: First, the plaintiff was not ‘ ‘perrrfitted by his parents, ’ ’ as the instruction assumes, “to go on the railroad track of the defendants on Widewater street, without placing him under the charge of some one capable of taking care of him and protecting him from injury;” and, secondly, the said instruction imputes to the infant plaintiff the assumed negligence of his parents; for which, even if there had been any such negligence, as in fact there was not, the infant plaintiff would not have been responsible. On this question, as to the liability of infants for the neglect, imputed to them, of their parents, there appears to be much conflict' in the cases, many, and perhaps most of which were cited in the arguments of the learned counsel. But without following them through their review of the cases, we deem it sufficient to say, that we concur in the principle of the case of Lynch v. Nurden, 1 Ad. & E1., N. S., 29, 41 Eng. Com. Law R. 422, and others of that class; which decide that the neglect of parents and guardians is not imputable to infant children and wards in such cases; and that we do not concur in the principle of the case of Hartfield v. Roper, 21 Wend. R. 615, and others of that class, which decide the contrary.
The third instruction is objectionable, because it was calculated to mislead the jury, and was apparently contradictory. Thoug-h the plaintiff might not have been actually visible to the agents of the defendants, *he might have been seen by them, certainly, if they had looked for him, as they ought to have done. In other words, they ought to have made sure, as they might have done, that there was no person under or behind the stationary car when they set it in motion. And besides, they ought to have coupled the moving train with the stationary car before they set the latter in motion; in which case they would have guarded against all injury to persons visible or invisible.
The fourth instruction is objectionable, for reasons already given in regard to the first assignment of error.
The fifth instruction is objectionable, because it imputes negligence to the plaintiff, of which, from his tender years, he was not capable.
The sixth and seventh instructions are objectionable, for reasons already stated, because they hold the plaintiff responsible, by imputation, for the supposed negligence of his parents.
The eighth instruction embodies a general truth which seems to be unobjectionable in itself; but it is clearly embraced in the first instruction as modified by the court.
The first instruction, as modified by the court, is unobjectionable, and embodies all the law which seems to apply to the case, or to be necessary to enable the jury to decide it properly.
Third. We are of opinion that the court below did not err in overruling the objection of the defendants on the ground of the supposed variance mentioned in their “bill of exceptions number two;” being of opinion that there was no such variance.
Fourth. We are of opinion, that the said court did not err in overruling the objection of the defendants *to the evidence mentioned in their “bill of exceptions number three.”
Upon the whole, we are of opinion, that there is no error in the judgment of the court below, and that it ought to be affirmed.
Judgment affirmed.
*556 DAMAGES.
I. General Principles.
a. Object of the Law of Damages.
b. Kinds of Damages — Compensatory and Punitive.
c. Distribution of Damages.
d. Interest Not Allowed on Damages.
II. Natural and Proximate Cause and Consequence.
a. Generally.
b. Requisites of Recovery.
c. General Rule in Cases of Contract.
d. Expected Profits or Gains.
e. Expenditures Made Because of Breach, of Contract.
III. Uncertain, Speculative and Contingent Damages.
IV. Liquidated, Stipulated or Stated Damages.
V. Nominal Damages.
VI. Punitive, Exemplary and Vindictive Damages.
a. Generally.
b. Object of Punitive Damages.
c. Rule for Awarding Compensatory or Punitive Damages.
d. Aggravating Circumstances Necessary.
e. Instances That Prove the Rule.
f. Actual Malice Not Necessary.
g. Punitive Damages Belong Alone to Actions of Tort.
h. Liability of Master in Punitive Damages for Servant’s wrong.
i. The Term “Ratification” Construed.
j. The Aggravating Circumstances Must Appear in Declaration.
k. Evidence of Defendant’s wealth and Standing.
l. Punitive Damages a Question for the Jury.
VII. Measure of Damages.
a. Generally.
b. Damages That Admit of Definite Estimate.
c. Damages That Do Not Admit of Definite Estimate.
d. Damages for Pain and Suffering.
e. Instances That Prove the Rule.
f. Breach of Contract — Measure of Damages — Generally.
g. Measure of Damages in Particular Cases.
VIII. Mode of Estimating Damages.
a. In Actions for Personal Injuries.
(Jury May Take in Consideration:)
1. The Mental Suffering.
2. Physical Suffering and Pain.
3. Loss of Time.
4. Degree and Probable Duration of In j ury.
B. Medical Expenses.
6. Permanent Reduction of His Capacity to Earn Money.
7. Eamily Dependent on Him for Support.
8. Mental and Physical Suffering of Deceased’s Family.
b. Other Torts.
1. Injuries to Character.
2. Counsel Pees.
3. Credit and Business Standing.
4. Injury to Business.
5. Mental Anguish.
6. Humiliation — Indignity—Insult.
7. Pact That Legislature May Act.
IX. Mitigation of Damages.
X. Prospective Damages.
a. The General Rule Stated.
b. Injury Must Be Permanent.
c. Successive Action for the Consequences of the Same Injury.
d. Injury Must Be Temporary.
XI. Pleading and Practice.
a. Amount of Damages Omitted in Declaration-Effect.
b. Declaration — Counts—Claim of Damages.
c. Summons — Copy—Variance.
d. Damages Not to Exceed Amount Claimed in Declaration.
e. Principal and Interest Together May Exceed Amount Claimed.
f. Verdict in Excess of Amount — Plaintiff May Release Amount in Excess.
g. When Damages May Exceed Amount Laid in Declaration.
h. Debt on Bond — Jury Need Not Assess Damages.
i. Declaration — Allegation—Particular Injury.
j. Special Damages — Must Aver in Declaration.
k. Judgment by Default — Writ of Inquiry.
l. Jurisdiction — Justices of the Peace.
m. Motion to Recover Money — Damages for Breach of Contract.
n. Joint Tort Feasors — Assessment of Damages.
0. Damages in Appellate Court
I. GENERAL PRINCIPLES.
a. Object of the Law of Damages. — “The object of the law is to give amends or reparation,” Joynes, J., in Peshine v. Shepperson, 17 Gratt. 472, 485, 94 Am. Dec. 468, or as expressed by Riely, J., in Burruss v. Hines, 94 Va. 413, 416, 26 S. E. Rep. 875, “The general rule in awarding damages is to give compensation for pecuniary loss; that Is, to put the plaintiff in the same position, so far as money can do it, as he would have been if the contract had been performed or the tort not committed.” See also, Alleghany Iron Co. v. Teaford, 96 Va. 372, 31 S. E. Rep. 525.
b. Kinds of Damages — Compensatory and Punitive.— Damages are either actual or compensatory, exemplary or punitive. As expressed by Riely, J., in Norfolk, etc., R. Co. v. Neely, 91 Va. 540, 22 S. E. Rep. 367, “Actual or compensatory damages are the measure of the loss or injury sustained, while exemplary or punitive damages are ‘something in addition to full compensation, and something riot given as his due, but for the protection of the public.’ ”
c. Distribution of Damages. — “The manner in which the damages are to be distributed is no concern of the defendant, andnot under the control of the plaintiff. It is a question for the jury exclusively, not involved in the issue.” Staples, J., in B. & O. R. Co. v. Wightman’s Adm’r, 29 Gratt. 441, quoted and approved in N. & W. Ry. Co. v. Stevens’ Adm’r, 97 Va. 634, 34 S. E. Rep. 525.
In an action for damages'by administrator for the wrongful killing of his intestate, if the jury fail to direct how the damages shall be distributed, the administrator after having paid all attorney’s fees and costs shall distribute it according to the statute of distribution. Powell’s Adm’x v. Powell, 84 Va. 415, 4 S. E. Rep. 744.
Damages — Compromise—Distribution,—The money received by an administrator upon a compromise of an action for damages for the killing of his intestate, must after paying the costs and attorney’s fees, be distributed according to the statute of distribution. Powell’s Adm’x v. Powell, 84 Va. 415, 4 S. E. Rep. 744.
*557 d. Interest Not Allowed on Damages. — in an action for a tort, interest on the damages from the date of the injury is not allowed. But should the jury in their verdict allow such interest, the court should not set the whole verdict aside, but only the interest, entering judgment for the damages alone. Brugh v. Shanks, 5 Leigh 598, citing and following Garrard v. Henry, 6 Rand. 110; Austin’s Ex’or v. Jones, Gilmer 341.
Rent Arrears. — interest is not recoverable by way of damages, in an action of debt for rent arrears. Cooke v. Wise, 3 H. & M. 463; Skipwith v. Clinch, 2 Call 257; Newton v. Wilson, 3 H. & M. 470; Mickle v. Lawrence, Ex'or, 5 Rand. 571.
II. NATURAL AND PROXIMATE CAUSE AND CONSEQUENCE.
a. Generally.--The law does not hold a person responsible in damages for the remote consetiuences of his act, but only for those which are natural and proximate and necessarily result from the wrongful act. Burruss v. Hines, 94 Va. 413, 26 S. E. Rep. 875; Slaughter v. Denmead, 88 Va. 1019, 14 S. E. Rep. 833; Peshine v. Shepperson, 17 Gratt. 472, 94 Am. Dec. 468; James v. Adams, 8 W. Va. 568; Kendall Bank Note Co. v. Comm’rs of Sinking Fund, 79 Va. 563; Crescent Horseshoe, etc., Co. v. Eynon, 95 Va. 152, 27 S. E. Rep. 935.
Difficulty Found in Applying Rule. — The general rule that a person is responsible in damages, for all injuries that are the natural and proximate result of his wrongful act, is well settled, but difficulty is often found in applying the rule to a particular case. Burruss v. Hines, 94 Va. 413, 26 S. E. Rep. 875.
b. Requisites of Recovery. — The plaintiff must not only show that he has sustained damages, by reason of his rights being violated, but must show with reasonable certainty the extent of such damages. And he must also show that such damages are the natural and proximate result of the injury complained of. Burruss v. Hines, 94 Va. 413, 26 S. E. Rep. 875.
In Fowlkes v. Southern Ry. Co., 96 Va. 742 2 S. E Rep. 464, the facts were these: The plaintiff, a married woman, in a pregnant condition was told by the ticket agent of the defendant company, that she would make close connection with a train on another railroad, at a certain point on defendant’s line, for her destination, which was her father’s home. On the train’s reaching the junction where she was to catch her train, she found that there would be no train for her destination that day. The day was hot and sultry, and a storm was brewing. There was no station where she could wait or any accommodation at the place. She finally succeeded in hiring a buggy to convey her to her father’s house, eight miles distant; as a result of the jolting of the ride, the wetting she got and her worrying, she became sick, had abdominal pains, hemorrhage from the womb, and finally a miscarriage, and some months afterwards another miscarriage. Since that time she has been in bad health. Keith, P., in delivering the opinion of the court said: “It is not only requisite that damage, actual or inferential, should be suffered, but this damage must be the legitimate sequence of the thing amiss. The maxim of the law here applicable is, that in law the immediate and not the remote cause of any event is regarded. In otherwords, the law always refers the injury to the proximate, not to the remote cause-If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote. To the proximate cause we may usually trace consequences with some degree of assurance; but beyond that we enter a field of conjecture, where the uncertainty renders the attempt at exact conclusions futile. If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined and concatenated as cause and effect to support an action. The negligent act proved in this case was committed at the time the ticket was purchased, and it seems to us manifest that a most prudent and experienced man, acquainted with all the circumstances which existed at that moment, could never have foreseen or anticipated the consequences that supervened. It might reasonably have been anticipated that a failure to make the connection at Mosely Junction would involve delay and inconvenience, but not that the plaintiff would procure a buggy, and in the face of a storm, in her delicate condition, drive over a rough road to her father’s house, and that a miscarriage would be the result.”
c. General Rule in Cases of Contracts. — Only such damages can be recovered for a breach of contract, as can fairly and reasonably be considered as naturally arising from the breach of the contract in question, according to the usual course of things, or as having been in the contemplation of the parties when the contract was made, as a probable result of a breach of it. Slaughter v. Denmead, 88 Va. 1022, 14 S. E. Rep, 833, citing and approving Kendall Bank Note Co. v. Comm’rs of Sinking Fund, 79 Va. 563; Alleghany Iron Co. v. Teaford, 96 Va. 372, 31 S. E. Rep. 525.
d. Expected Profits or Gains — “A plaintiff will not ordinarily be allowed to give evidence of or to recover profits or expected gains, for it is generally conjectural whether there will be any profits or gains. The prohibition against the recovery of profits or gains, when not excluded as unnatural or remote, is due mainly to the inability to prove with reasonable certainty that the injury prevented the receipt of profits or gains, and their amount. But if it be shown that the loss of profits or gains was the natural and proximate result of the wrongful act, and their extent is also satisfactorily proved, they may be recovered.” Riely, J., in Burruss v. Hines, 94 Va. 413, 416, 26 S. E. Rep. 875; citing Bolling v. Colver, 26 Gratt. 36. Says the court, in Kendall Bank Note Co. v. Comm’rs of Sinking Fund, 79 Va. 563, 572, “Profits or advantages, which are the direct and immediate fruits of the contract entered into between the parties, are part and parcel of the contract itself, entering into and constituting a portion of its very elements — something stipulated for, and the right to the enjoyment of which is just as clear and plain as to the fulfillment of any other stipulation. They are presumed to have been taken into consideration, and deliberated upon before the contract was made, and formed, perhaps the only inducement to the arrangement.” Cited and approved in Trigg et al. v. Clay et al., 88 Va. 335, 13 S. E. Rep. 434. See also, Alleghany Iron Co. v. Teaford, 96 Va. 372, 31 S. E. Rep. 525; Hare v. Parkersburg, 24 W. Va 554; Patton & Shaver v. Elk River Nav. Co., 13 W. Va. 259.
*558 The general rule seems to be that the party injured by a breach of contract, is entitled to recover all his damages, including gains prevented, as well as losses sustained, provided they are certain, and such as might naturally be expected to follow the breach. It is only uncertain and contingent profits, therefore, which the law excludes; not such as being the immediate and necessary result of the breach of contract, may be fairly supposed, to have entered into the contepiplation of the parties when they made it, and are capable of being definitely ascertained by reference to establish market rates, or other like definite criteria, according to the case. James & Mitchell v. Adams, 8 W. Va. 569.
e. Expenditures Hade Because of Breach of Contract. —In order to recover such expenditures, it must be made to appear, that they could be fairly and reasonably considered as naturally arising from a breach of the contract in question, or that they were contemplated by the parties in question at the time of the making of the contract. Slaughter v. Denmead, 88 Va. 1019, 14 S. E. Rep. 833, citing Kendall Bank Note Co. v. Comm’rs of Sinking Fund, 79 Va. 563. In Slaughter v. Denmead (supra), plaintiff was not allowed to recover expenditures made in recovering cord wood washed away by winter and spring freshets on account of defendant having failed to transport such wood in November as per its agreement.
ill. UNCERTAIN, SPECULATIVE AND CONTINGENT DAMAGES.
Damages which are in their nature uncertain, speculative or contingent, cannot be recovered. Burruss v. Hines, 94 Va. 413, 26 S. E. Rep. 875; James v. Adams, 8 W. Va. 568; Slaughter v. Denmead, 88 Va. 1019, 14 S. E. Rep. 833; Trigg et al. v. Clay et al., 88 Va. 330, 13 S. E. Rep. 434; Kendall Bank Note Co. v. Comm’rs of Sinking Fund, 79 Va. 573; Peshine v. Shepperson, 17 Gratt. 472.
IV.LIQUIDATED, STIPULATED OR STATED DAHAGES.
Parties entering on an agreement, may avoid all questions of future damage, as a result of the breach of the contract, by agreeing upon a definite sum which shall be paid by the party in default to the other contracting party. And in such a case, the party violating the agreement is not responsible in damages, for any sum greater than that stipulated, whatever may be the real damage, welch et al. v. M’Donald, 85 Va. 500, 8 S. E. Rep. 711.
V.NOHINAL DAMAGES.
whenever a party has violated the rights of another, the party whose rights have been so violated, has a cause of action against the other for damages, but in the absence of proof of some actual damage resulting from the wrongdoer’s act. nominal damages only can be recovered. Building, L. & W. Co. v. Fray, 96 Va. 559, 32 S. E. Rep. 58; Watts v. N. & W. R. Co., 39 W. Va. 196, 19 S. E. Rep. 521; Hare v. Parkersburg, 24 W. Va. 554; Newbrough v. Walker, 8 Gratt. 16.
Burden on Plaintiff to Show Actual Damage. — Where an actionable wrong by the defendant is shown, the plaintiff may recover nominal damages from the mere fact of such wrong; but, if compensatory damages are asked, the plaintiff must in some way show, by evidence, data and means by which the jury can ascertain and fix the amount of damages. The jury cannot go by merely arbitrary conjecture. Watts v. N. & W. R. Co., 39 W. Va. 196, 19 S. E. Rep. 521. See Hare v. Parkersburg, 24 W. Va. 554; Newbrough v. Walker, 8 Gratt. 16.
Breach of Covenant. — In an action for breach of the covenant of “good right to convey” the property in question, nominal damages only can be recovered, where, before actual injury is sustained, the title to the property is perfected by inurement. Building, L. & W. Co. v. Fray, 96 Va. 559, 32 S. E. Rep. 58.
VI.PUNITIVE, EXEMPLARY AND VINDICTIVE DAMAGES.
a. Generally. — The Virginia and West Virginia cases, with the exception of the three early West Virginia cases of Pegram v. Stortz, 31 W. Va. 220, 6 S. E. Rep. 485; Beck v. Thomson, 31 W. Va. 459, 7 S. E. Rep. 447; Wilson v. Wheeling, 19 W. Va. 323, 42 Am. Rep. 780, which were overruled in Mayer v. Frobe, 40 W. Va. 246, 22 S. E. Rep. 58, hold, that where a tort is committed under aggravating circumstances, punitive, exemplary or vindictive (which terms are synonymous, Mayer v. Frobe, supra) damages maybe recovered of the wrongdoer. Borland v. Barrett, 76 Va. 128, 44 Am. Rep. 152; Norfolk, etc., R. Co. v. Anderson, 90 Va. 1, 17 S. B. Rep. 757; Peshine v. Shepperson, 17 Gratt. 472; Harman v. Cundiff, 82 Va. 239; Pishburne et als. v. Engledove, 91 Va. 548, 22 S. E. Rep. 354; Mayer v. Frobe, 40 W. Va. 246, 22 S. E. Rep. 58; Turner v. N. & W. R. Co., 40 W. Va. 675, 22 S. E. Rep. 83; Ricketts v. C. & O. Ry. Co., 33 W. Va. 433, 25 Am. St. Rep. 901, 10 S. E. Rep. 801; Downey v. C. & O. Ry. Co.. 28 W. Va. 732; Matthews v. Warner’s Adm’r, 29 Gratt. 570; Forbes et al. v. Hagman, 75 Va. 168; Bolton et al. v. Vellines, 94 Va. 393, 26 S. E. Rep. 847; Blackwell v. Landreth, 90 Va. 748, 19 S. E. Rep. 791.
b. Object of Punitive Damages. — The object of vindictive or exemplary damages, is, not only to recompense the party injured, hut to punish the offender, and deter others from like offending in the future. N. & W. R. Co. v. Neely, 91 Va. 539, 22 S. E. Rep. 367; Blackwell v. Landreth, 90 Va. 748, 19 S. E. Rep. 791; N. & W. R. Co. v. Anderson, 90 Va. 1, 17 S. E. Rep. 757; Mayer v. Frobe, 22 S. E. Rep. 58, 40 W. Va. 246, disapproving and overruling Pegram v. Stortz, 6 S. E. Rep. 485, 31 W. Va. 220; Beck v. Thomson, 31 W. Va. 459, 7 S. E. Rep. 447, in so far as they hold that a wrongdoer cannot be punished in a civil suit by punitive damages, in a proper case.
c. Rule for Awarding Compensatory or Punitive Damages. — “The law awards the former (compensatory or actual damages) only where in the unlawful act there is an absence of intentional wrong, fraud or malice, or where the act is not oppressively or recklessly committed, while the latter (punitive or exemplary damages) are given where the wrongful act is done with a had motive, or with such gross negligence as to amount to positive misconduct, or in a manner so wanton or reckless as to manifest a wilful disregard of the rightslof others." Riely, J., in Norfolk, etc., R. Co. v. Neely, 91 Va. 540, 22 S. E. Rep. 367.
d. Aggravating Circumstances Necessary. — All the cases hold that, in order to enable a party to recover punitive damages, the act complained of must he accompanied by circumstances of aggravation, such as fraud, malice, oppression, or such circumstances that show an absolute disregard of the rights of others. Vinal v. Core, 18 W. Va. 1; Wilson V. City of Wheeling, 19 W. Va. 323; Blackwell v. Landreth, 90 Va. 748, 19 S. E. Rep. 791; Forbes et al. v. Hagman, 75 Va. 168; Bolton et al. v. Vellines, 94 Va. 393, 26 S. E. Rep. 847. See also, Peshine v. Shepperson, 17 Gratt. 472; Borland v. Barrett, 76 Va. 128; *559 Harman v. Cundiff, 82 Va. 239; Fishburne et als. v. Engledove, 91 Va. 548, 22 S. E. Rep. 354; N. & W. R. Co. v. Wysor. 82 Va. 250; N. & W. R. Co. v. Lipscomb, 90 Va. 137, 17 S. E. Rep. 809; Downey v. C. & O. Ry. Co., 28 W. Va. 732; Mayer v. Frobe, 40 W. Va. 246, 22 S. E. Rep. 58; Parsons v. Harper, 16 Gratt. 64.
e. Instances Thai Prove the Rule. — In Norfolk, etc., R. Co. v. Neely, 91 Va. 539, 22 S. E. Rep. 367, the conductor, under an honest impression that he was doing his duty, unlawfully expelled plaintiff from the car, but in doing so was guilty of no rudeness or violence. The ejection was effected quietly and respectfully, the plaintiff offering no resistance. líela, that (clearly not a case for exemplary or punitive damages) actual damages only could be recovered.
In Borland v. Barrett. 76 Va. 128, defendant made an unprovoked and wanton attack upon plaintiff, in the dining room of a hotel. Held, case for punitive damages.
Where a party wrongfully sues out a distress warrant against another, he is not liable in punitive damages, in the absence of fraud, malice, oppression or other aggravating circumstances. Fishburne et als. v. Engledove, 91 Va. 548, 22 S. E. Rep. 354, citing and following Peshine v. Shepperson, 17 Gratt. 472.
In Norfolk & W. R. Co. v. Lipscomb, 90 Va. 137, 17 S. E. Rep. 809. where a passenger with wife and two children, one very sick, bought at B. tickets to W. and was assured by defendant’s officials that a through sleeper was attached to the train. Entering sleeper, he paid for two berths, and was assured by its conductor that it would go through. Suddenly, without notice to him, sleeper was cnt loose, and the train wenton carrying off his baggage, including the child’s clothing and medicine, part whereof was lost. Sleeper was left on the track at night when it was too late to get into a hotel or drug store. This distressing situation was produced by the negligence of the defendant's officials, of whom said conductor was one.
The court in holding the company not responsible in punitive damages says: “But it is not clear that the company can be held to respond in any other measure of damages than such as are compensations for the actual inj ury sustained. The record discloses that the ofilcers of the company were themselves mistaken, negligently mistaken it may be conceded, yet we perceive in the record no indication of any malicious purpose or evil intent. It was an honest mistake, and one much regretted by those in fault as soon as it occurred, and disclaimed by the company, and everything within reasonable bounds done to alleviate the unfortunate condition of the plaintiff. Such baggage as was discovered was put off at a station and reclaimed by the company’s servants as the train passed on which the plaintiff ultimately travelled. The valise was lost and should be paid for, but that does not appear otherwise than as an accident. But there was no insult, no disrespect, either before or after the sleeper was cut loose.”
f. Actual flalice Not Necessary. — To entitle a person to recover of another vindictive or punitive damages, actual malice need not be shown. Where the act complained of is attended by such circumstances, as show a wilful disregard for the rights of others, malice will be inferred. Borland v. Barrett, 76 Va. 128, cited and approved in N. & W. R. Co. v. Anderson, 90 Va. 1, 17 S. E. Rep. 757.° See Daingerfield v. Thompson, 33 Gratt. 136.
“An improper motive may be inferred from a wrongful act based on no reasonable ground; and such improper motive constitutes malice in law; the act need not be prompted by anger, malevolence or vindictiveness.” The court in Bolton et al. v. Vellines, 94 Va. 393, 26 S. E. Rep. 847. citing and approving Forbes et al. v. Hagman, 75 Va. 168.
g. Punitive Damages Belong Alone to Actions of Tort. — N. & W. R. Co. v. Wysor, 82 Va. 250.
“Where the action is for a breach of contract, the vicious intention of the defendant can have no effect on the damages.” Gbken, J., in Pegram v. Stortz, 31 W. Va. 220, 6 S. E. Rep. 485.
h. Liability of Master in Punitive Damages for Servant’s Wrong. — A master is liable, to the extent of compensatory damages, for the unlawful act of his servant, committed in the course of Ms employment, whether ratified or not, but not in punitive damages, unless he has ratified such act. N. & W. R. Co. v. Neely, 91 Va. 539, 22 S. R. Rep. 367; N. & W. R. Co. v. Anderson, 90 Va. 1, 17 S. E. Rep. 757; N. & W. R. Co. v. Lipscomb, 90 Va. 137, 17 S. E. Rep. 809; Ricketts v. C. & O. Ry. Co., 33 W. Va. 433, 25 Am. St. Rep. 901, 10 S. E. Rep. 801; Downey v. C. & O. Ry. Co., 28 W. Va. 732; Talbott v. W. Va., etc., Ry. Co., 42 W. Va 560, 26 S. E. Rep. 311.
i. The Term “Ratification” Construed. -Both the Virginia and West Virginia courts liberally construe the term “ratification;” thus in both Ricketts v. C. & O. Ry. Co., supra. and Downey v. C. & O. Ry. Co., supra, the court quotes approvingly the following language from “Patterson on Railway Accident Law” page 471, “but such authorization or ratification can be evidenced either by an express order to do the act, or an express approval of its commission, or by an antecedent retention of a servant of known incompetency, or by a subsequent retention or promotion of the negligent servant.”
j. The Aggravating Circumstances Must Appear in Declaration. — Where there are no allegations in the declaration of such facts that would show that the wrongful act was accompanied with circumstances of aggravation, or no general allegation of alia anormia, under which circumstances of aggravation might be proved, punitive or vindictive damages, which are special damages, cannot be recovered; only such damages as are the natural and proximate consequence of the lawful act, may be recovered in such a case. Peshine v. Shepperson, 17 Gratt. 472, cited and approved in Fishburne et als. v. Engledove, 91 Va. 548, 558, 22 S. E. Rep. 354; Lee v. Hill, 84 Va. 919, 6 S. E. Rep. 473.
k. Evidence of Defendant’s Wealth and Standing.— Evidence of the defendant’s wealth and standing in the community, may be considered, where the evidence shows a case for punitive damage, not to show his ability to pay heavy damages, but to show the probable weight and effect his words, as in an action of slander, would have upon the community. Harman v. Cundiff, 82 Va. 239, citing Womack v. Circle, 29 Gratt. 210.
1. Punitive Damages a Question for the Jury. — In cases where punitive damages are proper, the amount of damages is a question that is peculiarly within the province of the jury, and their verdict will not be disturbed unless it appear that they were actuated by passion, prejudice, undue influence, or unless the amount is grossly excessive. Borland v. Barrett, 76 Va. 137, citing Peshine v. Shepperson, 17 Gratt. 472. See Blackwell v. Landreth, 90 Va. 748, 19 S. E. Rep. 791; Fishburne v. Engledove, 91 Va. 548, 22 S. E. Rep. 354.
*560 VII. MEASURE OF DAMAGES.
a. Generally. — The object of the law is to give compensation for the injury suffered, where the loss is merely pecuniary, and admits of definite estimate, fit is proper enough to speak of compensation, which implies the notion of equivalents. But that word becomes inappropriate, where the injury is not merely pecuniary, and does not admit of definite estimate. It is more appropriate to say that the ■object of the law is to give amends or reparation. The injury done depends upon the rights that are violated, and the extent of the violation, and the amends or reparation in damages must be measured accordingly. Peshine v. Shepperson, 17 Gratt. 472, 485.
b. Damages That Admit of Definite Estimate. — Where the damages admit of definite and pecuniary estimate, the object of the law, is to give compensation for the injury suffered, and the verdict of the jury must be limited to the actual pecuniary loss of the plaintiff. Peshine v. Shepperson, 17 Gratt. 472.
c. Damages That Do Not Admit of Definite Estimate. —Where the damages do not admit of definite estimate, and there is no legal measure of damages the law leaves the amount entirely to the sound discre-, tion of the jury, and the court will not disturb the verdict of the jury unless the amount awarded is so large or small as to indicate that the jury acted under the impulse of some undue motive or some gross error or misconception of the subject. N. & W. R. Co. v. Shott, 92 Va. 34, 22 S. E. Rep. 811; Bertha Zinc Co. v. Black’s Adm’r, 88 Va. 303, 13 S. E. Rep. 452; Norfolk v. Johnakin, 94 Va. 285, 26 S. E. Rep. 830; Ward v. White, 86 Va. 212, 9 S. E. Rep. 1021; Benn v. Hatcher, 81 Va. 25; Farish v. Reigle, 11 Gratt. 697; Richmond Ry., etc., Co. v. Garthright, 92 Va. 635, 24 S. E. Rep. 267; Daingerfield v. Thompson, 33 Gratt. 136; N. & W. R. Co. v. Ampey, 93 Va. 108, 25 S. E. Rep. 226; Richlands Iron Co. v. Elkins, 90 Va. 249, 17 S. E. Rep. 890; Va. Mid. R. Co. v. White, 84 Va. 498, 5 S. E. Rep. 573; Blackwell v. Landreth, 90 Va. 748, 19 S. E. Rep. 791; Fishburne v. Engledove, 91 Va. 548, 22 S. E. Rep. 354; Borland v. Barrett, 76 Va. 128; Peshine v. Shepperson, 17 Gratt. 472; N. & W. R. Co. v. Draper, 90 Va. 245, 17 S. E. Rep. 883; Miller v. Shenandoah Pulp Co., 38 W. Va. 558, 18 S. E. Rep. 740.
“To justify the granting of a new trial on the ground that the damages awarded are excessive, the verdict must be so out of the way as to evince passion, prejudice, partiality or corruption in the jury.” The court in Benn v. Hatcher, 81 Va. 33. In N. & W. R. Co. v. Ampey, 93 Va. 108, 25 S. E. Rep. 226, where plaintiff sued for the loss of an arm and was given $3,500 damages, Riely, J., in delivering the opinion of the court said, “There is no legal measure of damages in a case of this kind, and their estimation is peculiarly within the province of the jury, who are deemed especially competent to determine such matters. It is well settled that the court will not disturb the verdict in such a case, unless the amount allowed is so great as to evince prejudice, partiality, or corruption on the-part of the jury, or that they were misled by some mistaken view of the case."
“Where a case depends upon the tendency and weight of evidence, and the jury and judge who tried the case concur in the weight and influence to be given to the evidence, it would be an abuse to the appellate powers of this court to set aside a verdict and judgment, because the judges of this court, from the evidence as it is written down, would not have concurred in the vex-dict.” The court in Benn v. Hatcher, 81 Va. 33, citing and approving Hill’s Case, 2 Gratt. 595; Blosser v. Harshbarger, 21 Gratt. 214.
d. Damages for Pain and Suffering. — “No method has yet been devised, nor scales adjusted, by which to measure or weigh the value in money the degrees of pain and anguish of a suffering human being, ***** an(j ^he verdict of a j ury will not beset aside on the ground of excessive damages, unless the damages be so great as to indicate that the jury was actuated by partiality or prejudice.” Reily, J., in Richmond Ry. Co. v. Garthright, 92 Va. 635, 24 S. E. Rep. 267, quoted and approved in Norfolk v. Johnakin, 94 Va. 287, 26 S. E. Rep. 830. See also, Farish v. Reigle, 11 Gratt. 697; Benn v. Hatcher, 81 Va. 33; N. & W. R. Co. v. Shott, 92 Va. 34, 22 S. E. Rep. 811.
e. Instances That Prove the Rule, — The court in Parish v. Reigle, 11 Gratt. 697, affirmed a judgment for $9,000 damages, where plaintiff had his head severely cut, leg broken, from which a stiff joint followed, which his physician testified would continue through life, and in consequence of .his injuries he was confined in a house near the place where the accident occurred for six months, and incurred doctor’s bills to the amount of $280.
In Norfolk v. Johnakin, 94 Va. 285, 26 S. E. Rep. 830, a verdict of $5,000 was affirmed, where the evidence showed that the plaintiff (a young lady) was severely injured, by reason of which she was an invalid and cripple for two years; and during which time she suffered excruciating agony every day.
In N. & W. R. Co. v. Anderson, 90 Va. 1, 17 S. E. Rep. 757, $2,000 damages was held not to be excessive, where plaintiff was maliciously, but not violently ejected from car. But in N. & W. R. Co. v. Neely, 91 Va. 539, 22 S. E. Rep. 367, the plaintiff was without violence or malice ejected from defendant’s train. The jury thinking it a case for exemplary damages, found a verdict for $800, which the appellate court set aside, as excessive, holding that the plaintiff was entitled to compensatory damages only, in the absence of circumstances of aggravation.
A verdict for $1,000 damages for throwing a man from a truck, cutting his face and bruising him. The plaintiff suffered no permanent injury. Affirmed. Richmond Ry., etc., Co. v. Garthright, 92 Va. 635, 24 S. E. Rep. 267.
In N. & W. R. Co. v. Shott, 92 Va. 34, 22 S. E. Rep. 811, the plaintiff, a mail clerk, got a verdict for $7,000 damages, for personal injuries received through the gross negligence of the railway company. Judgment affirmed.
In N. & W. R. Co. v. Ampey, 93 Va. 108, 25 S. E. Rep. 226, the plaintiff, a young able-bodied man, who depended wholly on manual labor for a livelihood, was allowed $3,500 damages for the loss of an arm.
Plaintiff's skull was negligently broken, a part of which was removed, leaving brain unprotected, his capacity for work impaired. Held, $2,500 damage not excessive. Richlands Iron Co. v. Elkins, 90 Va. 249, 17 S. E. Rep. 890.
$5,500 damages not too much, where plaintiff had both legs and thighs broken, and one of the legs were so badly injured that it had to be amputated. R. & D. R. Co. v. Rudd, 88 Va. 648, 14 S. E. Rep. 361.
In Daingerfield v. Thompson, 33 Gratt. 136, the court affirmed a judgment for $8,000 given plaintiff for an injury sustained by him in his foot, which necessitated amputation of "the leg below the knee joint; his health was greatly impaired, and business suffered by reason of his wound.
*561 In Borland v. Barrett, 76 Va. 128. ¶10,000 punitive damages, was held not excessive, for maliciously breaking a bottle over plaintiff’s head in the dining room of a hotel, inflicting a scalp wound only.
In Bertha Zinc Co. v. Black’s Adm’r, 88 Va. 303, 13 S. E. Rep. 452, the court reversed the judgment of the lower court in .setting aside a verdict for 810,000 damages as excessive, where deceased came to his end, through the negligence of the company, and left a wife and number of children. Deceased was old, infirm and a common laborer.
In D. & W. R. Co. v. Brown, 90 Va. 340, 18 S. E. Rep. 278, plaintiff recovered $7,500 damages, for a broken thigh, which also occasioned a consequent shortening of his leg.
$2,000 damagevS for a permanent injury to one’s foot. I-Ield. not excessive. N. & W. R. Co. v. Burge, 84 Va. 63, 4 S. E. Rep. 21.
$1,375 for dangerously wounding a person, by reason of which he suffered much and was in bed for several months, No permanent injury. Held, not inadequate. Ward v. White, 86 Va 212, 9 S. E. Rep. 1021.
A verdict for $3.00 was set aside in Blackwell v. Randreth, 90 Va. 748, 19 S. E. Rep. 791, as being inadequate in an action for slander of a girl of umblem-ished reputation by false imputations upon her chastity.
f. Breach of Contract — Measure of Damages — Gener« ally. — As has been seen compensation to the party injured is the cardinal rule in assessing damages and this rule applies with particular force to cases of breach of contract. The object of the law, in such cases, is to put the injured party in such circumstances as he would have "been had the other party carried out his part of the contract. Burruss v. Hines, 94 Va. 413, 26 S. E. Rep. 875; James v. Adams, 8 W. Va. 568; Trigg et al. v. Clay et al., 88 Va. 330, 13 S. E. Rep. 431; Kendall Bank Note Co. v. Comm'rs of the Sinking Fund, 79 Va. 573; Peshine v. Shepperson, 17 Gratt. 472; Alleghany Iron Co. v. Teaford, 96 Va. 372, 31 S. E. Rep. 525; James v. Kibler's Adm’r, 94 Va. 165, 26 S. E. Rep. 417; Hare v. Parkersburg, 24 W. Va. 554; Patton & Shaver v. Elk River Navigation Co., 13 W. Va. 259.
Where a party is not permitted to perform his part of the contract, by the fault of the other party, he may recover any damages he may have suffered by not being allowed to perform his part of the contract, such as wages paid to idle employees, and costs of keeping his plant in readiness; he may also recover the profits he wonld have made had he been allowed to carry out his part of the contract. Alleghany Iron Co. v. Teaford, 96 Va. 372, 31 S. E. Rep. 525.
Where party fails to accept property at a stipulated price at a designated place, according to his contract, the measure of damages, is the difference between the amount it would have cost plaintiff to have the property at the designated place, and the amount defendant agreed to pay for such property. Alleghany Iron Co. v. Teaford, 96 Va. 372, 31 S. E. Rep. 525; Hare v. Parkersburg, 24 W. Va. 554. In this last case GkeeN, J.. said: *Tt seems to me, there was no impropriety in the jury ascertaining the amount of damage the plaintiff below sustained in consequence of the breach of this contract by calculating what it would have cost him to perform his contract and taking that from what he was under the contract to get for the delivering of this * * See also, Patton & Shaver v. Elk River Nav. Co., 13 W. Va. 259.
g. fleasure of Damages in Particular Cases.
For Abandonment by Lessee of His Contract of Rent. —The measure of damages to the lessor in such a case is generally the amount of the rent that would have accrued during the term of rental, had the lessee carried out his part of the contract. But if the lessor succeeds in rerenting the property before the lessee’s term expires, then the measure of damages is the difference between the amount lessee contracted to pay, and the sum lessor receives from the new tenant. If the lessor suffers no actual damage, he is nevertheless entitled to nominal damages for the breach of the contract. James et als. v. Kibler’s Adm'r, 94 Va. 165, 26 S. E. Rep. 417.
For Breach of Contract to Pay Honey. — “For the breach of a contract to pay money, no matter what the amount of inconvenience sustained by the plaintiff, the measure of damages is the interest on the money only.” The court in Bethel & Co. v. Salem Imp. Co., 93 Va. 354, 25 S. E. Rep. 304.
For Failure to Deliver Stock — Where it is agreed to deliver stock of fluctuating value on a certain day, the measure of damages for failure to make such delivery, is not the nominal amount of said stock, but the true value of it, on the day agreed on for its delivery. Bull v. Douglas, Adm’r, 4 Munf. 303. See also, Groves v. Graves, 1 Wash. 1; Reynolds v. Waller’s Heir, 1 Wash. 164. In Gray v. Kemp et al., 88 Va. 201, 16 S.E. Rep. 225, the court held, that in such a case the plaintiff might recover the highest price the stock would have brought in market at any time after the day agreed on for its delivery.
I have this day, Sept. 26, 1859, borrowed of Mrs. P. five thousand dollars, in stock of the state of Virginia, on which interest is payable semi-annually; and for the repayment of the same, with the accruing interest, I bind myself, my heirs, &c., witness, &c., K. The stock was borrowed to be converted into money, and was sold in November for $4,755. Held, P. is entitled to the value of the stock at the time of the loan. Davis, Trustee, v. Knight, 24 Gratt. 406.
For Unlawfully Taking Part of Land — Railroads.— Railroad company, without authority, erected expensive improvements on plaintiff’s land. Becoming insolvent, its franchises and property were purchased by another company. Held, the purchaser is liable for the land taken without considering the benefit from the construction of the railroad, and for the damage to the residue ot the land. In such a case, the amount of the damages, as respects the residue of the land, is the difference in the market value of the land before and after the taking thereof; and as respects the land taken, including said improvements, is the fair cash market value of the land and said improvements at the time of the taking in view of the uses to which they have been put; and it was not error to refuse to allow a witness to testify that he had donated similar property to the company. Richmond & Mecklenburg R. R. Co. v. Humphreys, 90 Va. 425, 18 S. E. Rep. 901.
For Property Unlawfully Sold. — The measure of damages for a party whose property has been unlawfully sold by a wrong-doer, is the value of the land at the date of the sale. Sims v. Tyrer, 96 Va. 14, 30 S. E. Rep. 443.
For Undermining Foot-Path — Death of Licensee. — In an action by the personal representative of a licensee of a foot-path, against the owner of the lands, for causing the death of such licensee, by carelessly and negligently undermining said loot-path, the measure of damages is such sum as to the jury may seem fair and just under all the circumstances of the case, not exceeding the amount claimed in the *562 declaration. N. & W. R. Co. v. DeBoard’s Adm’r, 91 Va. 700, 22 S. E. Rep. 514.
For Destroying Pass Way. — The measure of damages, recoverable of a railroad company, for destroying a pass way oyer one’s lands, is not merely the injury to the part of the land made inaccessible. N. & W. R. Co. v. Carter, 91 Va. 587, 22 S. E. Rep. 517.
For Wrongful Distress. — In. an action to recoyer damages for wrongfully distraining property for rent not due, the measure of damage, in the absence of circumstances of aggravation, such as fraud, malice, oppression, etc., is such damages as are the natural and proximate result of the injury complained of. Fishburne v. Engledove, 91 Va. 548, 22 S. E. Rep. 354.
For Failure to Transmit Message. — where a telegraph company has received a message for transmission and the usual charges according to their regulations, it is bound to transmit the message faithfully and promptly, whether it be in “cipher” or “intelligible,” and should the company negligently fail to transmit such message altogether, or to transmit it faithfully and promptly, it will become liable to an action for damages by the party aggrieved, and the measure of damages in such case is such loss as the party aggrieved has sustained by reason of the wrongful act of the company in violation of the duties imposed on it by law. A more precise statement of the rule is: The company is liable to all the direct damages which both parties would have contemplated as flowing from the breach of the contract or violation of the duty, if, at the time, they had bestowed proper attention to the subject, and had been fully informed of all the facts. Western Union Telegraph Co. v. Reynolds Bros., 77 Va. 173.
For Alteration of Telegram. — Plaintiff wired his brokers in Mobile to buy 500 bales of cotton for him. In transmission the number was by the mistake of the telegraph company, changed to 2500. Meld, the measure of damages was the amount lost on the sale at Mobile of the excess of the cotton above that ordered, or if not sold then, what would have been the loss on the sale of the cotton of Mobile in the condition and circumstances in which it was when the mistake was ascertained, including in such loss all the proper costs and charges thereon, Washington & N. O. Tel. Co. v. Hobson & Son, 15 Gratt. 122.
Sheriff for Default of Deputy. — A sheriff against whom a judgment is rendered for the default or misconduct of his deputy, is entitled to recover of that deputy, not only the amount of the judgment, but all costs and damages connected with such judgment. Stowers, Adm’r of Bragg, v. Smith’s Ex’x, 5 Munf. 401.
In Holcomb v. Flournoy, 2 Call 433, the court refused to interfere with an award that allowed a sheriff to recover against his deputy, on a bond to “save harmless” the sheriff by reason of any default or misconduct of the deputy, all damages and expenses necessarily incurred by him, and damages for his trouble and anxiety which were caused by the deputy’s default.
On Indemnifying Bond. — The proper measure of damages in an action on a bond, to indemnify á sheriff for the sale of property, seized under execution, is the actual value of the property seized and sold, with interest in the way of damages, on the amount of the value, from the day fixed on by the jury, as the time at which the property is to be valued, until the time of the trial. Crump v. Ficklin, 1 Patt. & H. 201.
On Injunction Bond. — In an action on an injunction bond with condition “to pay all such costs as may be awarded against the plaintiff, and all such damages as shall be incurred in case the said injunction be dissolved,” fees paid to counsel in the injunction suit cannot be recovered as damages, although- the bill be a pure bill of injunction. Wisecarver et al. v. Wisecarver, 97 Va. 452, 34 S. E. Rep. 50.
Upon Warranty of Soundness of Animal. — For upon a warranty of the soundness of an animal sold, the measure of damages is the difference between the value of the animal sound as warranted, and his value at the time of the sale in the condition he really was: and the price at which the animal was sold is the proper evidence of value at that time, if sound to the extent of the warranty. And the rule is the same whether the purchaser offers to return the animal or not. Thornton v. Thompson, 4 Gratt. 121.
Trover and Conversion. — In trover and conversion the p laintiff may recover an amount greater than 1 the the value of the thing converted. Pearpoint v. Henry, 2 Wash. 192.
For Prematurely Filing Hechanic’s Lien. — A sub-contractor files a mechanic's lien before completion of the work, contrary to Code, § 2476. Held, he is liable to an action for damages for injury thereby done the contractor. In such action the declaration should charge some special damage to plaintiff, as the language of the alleged lien does not necessarily import injurious defamation; but it is not necessary to give the name of any one whose custom has been lost to the plaintiff, nor to state that the alleged lien has been ended by limitation or decree. Moore v. Rolin, 89 Va. 107, 15 S. E. Rep. 520.
For Destroying Fruit Trees. — The measure of damages for destroying by fire an orchard of fruit trees is the value of the trees destroyed; not “the cost of replacing the trees the first proper season for planting after the burning, and the value of the care and labor bestowed on said trees by plaintiffs before the burning, with interest on the value of the care and labor from the time it was bestowed. N. & W. R. Co. v. Bohannon, 85 Va. 293, 7 S. E. Rep. 236.
For Property Lost by Carrier. — Says the court in Tompkins v. Kanawha Board, 21 W. Va. 232, “The general rule is, that where personal property is being shipped to a certain place for sale, and a loss occurs, the measure of damages is the difference between the price at which the property was bought, and its market value at the place of and at the time when it should have been delivered. Boyd v. Gunnison, 14 W. Va. 1. This rule is established to ascertain what the party had in fact lost. But where he has actually contracted to sell the property in the place where it is to be delivered at a specified price, that price at which it was so contracted to be sold is the best evidence of its value, and of the loss which its owner had sustained.”
VIII. HODE OF ESTIMATING DAITAGES.
a. In Actions for Personal Injuries, the jury may always take in consideration, in estimating the damages to be allowed,
i. The Mental Suffering the plaintiff has undergone, N. & W. Ry. Co. v. Marpole, 97 Va. 594, 34 S. E. Rep. 462; Parsons v. Harper, 16 Gratt. 64; R. & D. R. Co. v. Norment, 84 Va. 167, 4 S. E. Rep. 211; Vinal v. Core, 18 W. Va. 1; Riley v. Railway Co., 27 W. Va. 145; Daingerfield v. Thompson, 33 Gratt. 136; Borland v. Barrett, 76 Va. 128, any
*563 2. Physical Suffering and Pain lie has undergone on account of tlie injury complained of, Ampey’s Case, 93 Va. 110, 25 S. E. Rep. 226; N. & W. Ry. Co. v. Marpole, 97 Va. 594, 34 S. E. Rep 462; Parsons v. Harper, 16 Gratt. 61; R. & D. R. Co. v. Norment, 84 Va. 167, 4 S. E. Rep. 211; Riley v. Railway Co., 27 W. Va. 145: Bolton et al. v. Vellines. 94 Va. 393, 26 S. E. Rep. 847; Daingerfield v. Thompson, 33 Gratt. 136; Borland v. Barrett, 76 Va. 128, his
3. Loss of Time, Riley v. Railway Co., 27 W. Va. 145; Parsons v. Harper, 16 Gratt. 64; Vinal v. Core, 18 W. Va. 1; Bolton et al. v. Vellines, 94 Va. 393, 26 S. E. Rep. 847; Daingerfield v. Thompson, 33 Gratt. 136; Borland v. Barrett, 76 Va. 128; R. & D. R. Co. v. Norment, 84 Va. 167, 4 S. E. Rep. 211, and the
4. Degree and Probable Duration of Injury, Daingerfield v. Thompson, 33 Gratt. 136; R. & D. R. Co. v. Norment, 84 Va. 167, 4 S. E. Rep. 211; N. & P. R. Co. v. Ormsby, 27 Gratt. 455, any
5. Medical Expenses the plaintiff may have incurred by reason of the injury, R. & D. R. Co. v. Norment, 84 Va. 167, 4 S. E. Rep. 211; Farish v. Reigle, 11 Gratt. 697; Riley v. Railway Co., 27 W. Va. 145; Wilson v. City of Wheeling, 19 W. Va. 323; Daingerfield v. Thompson, 33 Gratt. 136; Borland v. Barrett, 76 Va. 128; also the
6. Permanent Reduction of His Capacity to Earn Honey l'or himself or those dependent on him, Riley v. Railway Co., 27 W. Va. 145; Wilson v. City of Wheeling, 19 W. Va. 323; Daingerfield v. Thompson, 33 Gratt. 136; Borland v. Barrett, 76 Va. 128; R. & D. R. Co. v. Norment, 84 Va. 167, 4 S. E. Rep. 211; N. & P. R. Co. v. Ormsby, 27 Gratt. 455, and the fact that he has a
7. Family Dependent on Him for Support may be taken into consideration where he is permanently injured, or has died from his injuries. B. & O. R. Co. v. Wightman’s Adm’r, 29 Gratt. 431.
“All the cases agree that where the deceased has left a widow and children it is proper for the jury, in assessing the damages, to estimate the value of the support and maintenance properly derived from the deceased, the amount, realized by him from his usual occupation, as also the loss of his care, nurture and instruction.5’ B. & O. R. Co. v. Wightman's Adm’r, supra.
8. Henfal and Physical Suffering of Deceased’s Family. — in an action to recover damages for the death of a son occasioned by the wrongful act of another, it is error to instruct the jury, that in estimating the damages, they may take in consideration the effect the news of the son’s death had upon the nervous system of the mother. As there is no necessary or probable connection between negligence which results in the death of a son, and the consequent nervous condition of his mother. N. & W. Ry. Co. v. Stevens’ Adm’r, 97 Va. 631, 34 S. E. Rep. 525.
b. Other Torts.
1. Injury to Character. — -The jury may take in consideration, in a proper case, the injury one’s character receives, as in a case of malicious prosecution, slander, etc. Vinal v. Core, 18 W. Va. 1.
2. Counsel Fees — “The general rule is that counsel fees are not recoverable as damages, but on the trial of an action for malicious prosecution or false imprisonment, where exemplary damages are recoverable, the fees paid Qr incurred to counsel for defending the original suit of prosecution may be proved, and, if reasonably and necessarily incurred, maybe taken into consideration by the jury in the averment of damages.” Riley, J., in Burruss v. Hines, 94 Va. 413, 420, 26 S. E. Rep. 875, citing Parsons v. Harper, 16 Gratt. 64. See also, Vinal v. Core, 18 W. Va. 1; Bolton et al. v. Vellines, 94 Va. 393, 26 S. E. Rep. 847.
3. Credit and Business Standing. — The jury in assessing the damages may take in consideration the loss of credit and business standing of the plaintiff.
In Peshine v. Shepperson, 17 Gratt. 472, where the defendant entered the store of the plaintiff at nighttime, in collusion with his clerk, and carried off most of his stock, the court, by Joynks, J., said; “That such acts are well calculated to injure the credit and business standing of a merchant, and that such will always be their effect, to a greater or less extent, seems too obvious to require proof by argument or illustration. They involve an imputation, in the harshest form, upon Ms credit and also upon his integrity. * * * * * The damages resulting from the credit and business standing of the plaintiff, * * *, were therefore properly recoverable, as natural, proximate and necessary consequences of the acts of the defendants.”
4. Injury to Business. — Certain wrongful acts will necessarily injure the business of the person whose rights are violated, and when such is the case, the jury may consider the injury to plaintiff's business, in assessing the damages. Peshine v. Shepperson, 17 Gratt. 472. See Daingerfield v. Thompson, 33 Gratt. 138. And in such a case, to ascertain the damages, the nature and extent of the merchant's business, whether profitable or not, are proper subjects of inquiry. Peshine v. Shepperson, (supra).
5. Hental Anguish. — In an action by a father, for the seduction of his daughter, the jury may take in consideration the mental anguish of the father, in estimating the damages. Riddle v. McGinnis, 22 W. Va. 253.
6. Humiliation — Indignity — Insult. — Tn an action for false imprisonment the jury may, in estimating the damages, take into consideration, the humiliation, indignity and insults borne by plaintiff. Vinal v. Core, 18 W. Va. 1. See Borland v. Barrett, 76 Va. 128.
7. Fact That Legislature May Act. — Upon the trial of an issue to ascertain the amount of damages sustained by a ferry franchise by the erection and operation of a bridge, the jury are to regard the franchise as permanent, and in estimating the damage cannot take into consideration the fact that the legislature may repeal the law creating the exclusive privilege of transporting persons and things across the river within half a mile of the ferry. Mason v. Harper’s Ferry Bridge Co., 20 W. Va. 223.
IX. MITIGATION OF DAHAGES.
Effect of Insurance Money Received by Deceased’s Family. — In B. & O. R. Co. v. Wightman’s Adm’r. 29 Gratt. 431, 26 Am. Rep. 384, the court held that evidence to the effect, that deceased at the time of his death held policies on his life to the amount of $5.000, for the benefit of his wife and children, and that since his death the amount of such policies had been paid over to his widow and children, was properly held inadmissible. The court, in passing on this question, said by Stapler, J.. “We think the court did not err in refusing to admit this evidence. It was clearly calculated to mislead the jury as to the issues they were to try. The mere fact that the family of the deceased received money from some other source would not lastly influence the measure of compensation to be made by the defendant for injuries attributable to the misconduct of *564 its employees and agents. Tie party effecting tie insurance paid the full value for it, and there is no equity in the claim of the defendant to the benefit of a contrac t for which it gave no consideration. It is said that Lord Campbell, the author of the English act, was of opinion that the money received on a policy of insurance by the family of the deceased,.mightbe taken into account in assessing the damages. In this country the courts have uniformly held the contrary; and this view is the more just and reasonable."
' Pact That Plaintiff Brought on the Injury by His Misconduct. — In Matthews v. Warner’s Adm’r, 29 Gratt. 570, 26 Am. Rep. 396, it was held that the jury might, in assessing the damages, take into consideration, the fact that plaintiff’s deceased, in a way, brought on his death, by cursing defendant repeatedly before the fatal shot.
Property Illegally Taken — Evidence That Similar Property Was Donated. — In an action against a railroad company, for the value of land illegally taken by it, and for damages to the residue, evidence that another party donated similar land to the company is proper. R. & M. R. R. Co. v. Humphreys, 90 Va. 425, 18 S. E. Rep. 901.
X. PROSPECTIVE DAMAGES.
a. The General Rule Stated. — Prospective damages are, as a general rule, recoverable, when the cause of action is complete, and the prospective damages are reasonably certain. James v. Kibler, 94 Va. 165, 26 S. E. Rep. 417; Hargreaves v. Kimberly, 26 W. Va. 787, 53 Am. Rep. 121; Smith v. Point Pleasant, etc., R. Co., 23 W. Va. 453; Rogers v. Coal River, etc.. Co., 19 S. E. Rep. 401, 39 W. Va. 272; Watts v. N. & W. R. Co., 19 S. E. Rep. 521, 39 W. Va. 196.
b. Injury ¡lust Be Permanent. — Where it is proven that the cause of the injury to the property in question, is of a permanent nature, and the damage is permanent, then tbp rule is that all damages, both past and prospective, may be recovered in one suit. Hargreaves v. Kimberly, 26 W. Va. 787, 53 Am. Rep. 121; Smith v. Point Pleasant, etc., R. Co., 23 W. Va. 453; Rogers v. Coal River, etc., Co., 19 S. E. Rep. 401, 39 W. Va. 272; Watts v. N. & W. R. Co., 19 S. E. Rep. 521, 39 W. Va. 196.
c. Successive Action for the Consequences of the Same Injury. — “It seems to me that in all those cases, where the cause of the injury is in its nature permanent, and a recovery for such injury would confer a license on the defendant to continue the cause, the entire damage may be recovered in a single action; but, where the cause of the injury is in the nature of a nuisance and not permanent in its character, but of such a character that it may be supposed, that the defendant would remove it, rather than suffer at once the entire damage, which it might inflict, if permanent, then the entire damage cannot be recovered in a single action; but actions may be maintained from time to time, as long as the cause of the injury continues.” The court, in Hargreaves v. Kimberly, 26 W. Va. 799, quoted and approved in Rogers v. Coal River, etc., Co., 39 W. Va. 272, 19 S. E. Rep. 401, 404; Watts v. N. & W. R. Co., 19 S. E. Rep. 521, 39 W. Va. 196.
d. Injury Must Be Temporary. — But where the cause of the injury to the property is not of a permanent nature, but only of a temporary character, the rule is that only such damages may be recovered as have actually accrued, at the date of the institution of the action, and subsequent actions must be maintained to recover any future damage. Hargreaves v. Kimberly, 26 W. Va. 787, 53 Am. Rep. 121; Rogers v. Coal River, etc., Co., 19 S. E. Rep. 401, 39 W. Va. 272; Watts v. N. & W. R. Co., 19 S. E. Rep. 521, 39 W. Va. 196.
XI. PLEADING AND PRACTICE.
a. Amount of Damages Omitted in Declaration-Effect of. — After verdict, the damages having been left blank in the declaration, the court will inspect the writ and supply them from it. Digges v. Norris, 3 H. & M. 268; Hook v. Turnbull, 6 Call 85.
In Craghill et als. v. Page et als., 2 H. & M. 446, which was an action of debt on a bond with a collateral condition, no damages were laid in the declaration; nevertheless the judgment was sustained.
In debt on a bond, damages need not be laid in the declaration or found by the jury. Taylor & Co. v. M’Clean, 3 Call 557. See Woodson v. Johns, 3 Munf. 230.
b Declaration — Counts—Claim of Damages. — A declaration contains several counts, and no damages are claimed at the end of each count, but the entire declaration concludes: "In all to the damage of the plaintiff $500, and therefore they sue,” this claim of damages must be regarded as on account of the wrongs named in each several count, and therefore a verdict and judgment may on such a declaration be rendered for damages. Postlewaite v. Wise, 17 W. Va. 2, cited and approved in Hoffman v. Dickinson, 31 W. Va. 142, 6 S. E. Rep. 53.
c. Summons — Copy — Variance.—Original summons stated damages at $5,000; copy at $1,500. The variance could be taken advantage of only by plea in abatement (§ 3259); and, at least, was waived by failure to obj ect before verdict. R. & D. R. Co. v. Rudd, 88 Va. 648, 14 S. E. Rep. 361.
d. Damages Not to Exceed Amount Claimed in Declaration. — Greater damages cannot be awarded than are claimed in the declaration. Hook v. Turnbull, 6 Call 85; Pearpoint v. Henry, 2 Wash. 192; Ga. Home Ins. Co. v. Goode & Co., 95 Va. 751, 30 S. E. Rep. 366; Cahill v. Pintony, 4 Munf. 371; Winslow et als. v. Commonwealth, 2 H. & M. 459.
e. Principal and Interest Together May Exceed Amount Claimed. — But this restriction is confined to the principal alone, and does not affect the interest that may be allowed thereon. Cahill v. Pintony, 4 Munf. 371; Ga. Home Ins. Co. v. Goode & Co., 95 Va. 757, 30 S. E. Rep. 366.
f. Verdict in Excess of Amount — Plaintiff Hay Release Amount in Excess. — If the jury find a verdict for a larger amount than is claimed in the declara-' tion, the plaintiff-may release so much of the amount that is in excess of that claimed by him in his declaration, and take judgment for the remainder, and unless he does so a new trial should be awarded. Cahill v. Pintony, 4 Munf. 371; Hook v. Turnbull, 6 Call 85; Tennant’s Ex’or v. Gray, 5 Munf. 494.
g. When Damages May Exceed Amount Laid in Declaration. — In debt upon a bond with a collateral condition, the jury may assess damages beyond those laid in the declaration, if the penalty be sufficient to cover them. Payne v. Ellzey, 2 Wash. 143; Winslow et als. v. Commonwealth, 2 H. & M. 459; Johnstons v. Meriwether, 3 Call 523.
Tucker, J., in Winslow v. Commonwealth (supra) says: “In perusing the record, an objection occurred to me which was not noticed at the bar. The damages laid in the declaration are only 600b The damages assessed in one of these suits are upwards of 9001. and in the other 1,9001. And I was at first inclined to think, that the same reason which restrains a plaintiff from recovering more damages than he demands in his declaration, in an action sounding merely in damages, would apply to these *565 cases. But I find that this point occurred in Johnstons v. Meriwether (supra)* and again in Payne v. Ellzey (supra), and in both cases was disregarded. My doubts are consequently changed into submission. Yet, I cannot help saying that such a practice has, in my opinion, a tendency to mislead a defendant, who may think it not worth while to defend a suit, where the damages are laid at 101. only, but would, probably, be roused on receiving notice, that he might be subject to the payment of 2,000?.”
h. Debt on Bond — Jury Need Not Assess Damages.— In debt on a bond the j ary need not iind plaintiff’s damages, but may bring in a general verdict in his favor. Taylor & Co. v. McClean, 3 Call 557.
i. Declaration — Allegation—'Particular Injury. — A declaration, in an action for personal injuries, need not state the particular injury, for instance a broken leg; a general allegation that plaintiff was thereby “greatly injured, bruised, wounded and crippled” is enough. It is different though where the plaintiff seeks to recover special damages, consequent on the particular injury. Yeager v. City of Bluefield, 40 W. Va. 484, 21 S. E. Kep. 752.
Where the plaintiff, in his complaint, claims from the defendant damages for the destruction of 500 rails and about one mile of board fence, some wood upon his land, and a lot of growing timber, which, he alleges, was caused by the negligence of the defendant in permitting fire to emit from its locomotive and spread over his land, he will not be permitted to prove general damages done to his farm, but h e will be confined to the specific items of damage alleged in his complainant. Stewart v. Baltimore & O. R. Co., 10 S. E. Rep. 26, 33 W. Va. 88.
Not Necessary to State Every flatter That May En= hance the Damages. — in a declaration in an action for damages resulting from the death of a person by the wrongful act of another, it is not necessary to state every matter which may enhance the damages. N. & W. Ry. Co. v. Stevens’ Adm'r, 97 Va. 631, 34 S. E. Rep. 525; B. & O. R. Co. v. Wightman’s Adm’r, 29 Gratt 441.
Loss of Time — Married Women. — Under chapter 103 of the Va. Code of 1887, a married woman cannot recover damages for loss of time, because of injuries she has wrongfully sustained, unless it-be averred and proved that she is a sole trader. Richmond Ry., etc., Co. v. Bowles, 92 Va. 738, 24 S. E. Rep. 388; A. & D. R. Co. v. Ironmonger, 95 Va. 625, 29 S. E. Rep. 319.
Medical Expenses Incurred— Married Women.— Neither may a married woman, under the same act, recover damages, for any expenses incurred by her in effecting her cure, unless she avers and proves that such money came out of her separate estate. Richmond Ry., etc., Co. v. Bowles, 92 Va. 738, 24 S. E. Rep. 388; A. & D. R. Co. v. Ironmonger, 95 Va. 625, 29 S. E. Rep. 319.
j. Special Damages — Must Aver in Declaration. — In an action of trespass on the case by employee against employer for a wrongful discharge, declaration makes no averment of malice or of special damage beyond loss of employment and wages, evidence of special damage to character by reason of the discharge is irrelevant and inadmissible. Lee v. Hill, 84 Va. 919, 6 S. E. Rep. 473.
k. Judgment by Default — Writ of Inquiry. — According to the common law, as recognized and settled in this state there can be no final judgment by default, in an action sounding in damages, in the absence of a writ of inquiry, either in the circuit court or before a justice, when the value in controversy or damages exceeds $20.00, and the right of either party, if he demands it, to have such writ executed by a jury is guaranteed by our constitution, Hickman v. B. & O. R. Co., 30 W. Va. 296, 4 S. E. Rep. 654. See also, Commercial Union Assur. Co. v. Everhart’s Adm’r, 88 Va. 952, 14 S E. Rep. 836.
l. Jurisdiction — Justices of the Peace. — In determining the question of jurisdiction in an action for a wrong before a justice, the amount claimed in the Summons, and not the damage as shown by the testimony, must control. Stewart v. B. & O. R. Co., 33 W. Va. 88, 10 S. E. Rep. 26.
m. notion to Recover Money — Damages for Breach of Contract. — Damages for an injury resulting from a breach of contract, recoverable only in an action “sounding in damages,” can in no sense be considered money due upon contract, and hence a motion under sec. 3211 of the Code, cannot be maintained to recover damages for a breach of contract. Wilson v. Dawson, 96 Va. 687, 32 S. E. Rep. 461.
n. Joint Tort Feasors — Assessment of Damages — In a joint action of trespass against several who plead jointly, if the jury find them guilty jointly, they should assess the damages jointly against all. If in such case the jury by mistake assess several damages, the plaintilf may cure the defect by entering a 'nolle prosequi as to some, and taking judgment against one. In such a case it is not correct for the court to instruct the jury, that they may sever in the damages, and assessed respectively what in their opinion each party found guilty ought to pay. In such a case the jury should asse.ss against all who are found guilty, the amount which they think the most guilty should pay. In such a case therefore an instruction to the jury that they may sever the damages, is not an error of which a defendant can complain in an appellate court; though the plaintiff may. Crawford v. Morris, 5 Gratt. 90; Ammonett v. Harris, et al., 1 H. & M. 488.
o. Damages in Appellate Court.
Damages on Costs. —Where an appellate court reverses a judgment as to costs, the successful party is not entitled to damages on the costs. Hudson v. Johnson, 1 Wash. 10.
Executor Prosecuting Appeal. — Appellant dies, and the appeal is revived by his executor. Judgment is affirmed. Damages and costs ought not to be awarded against the proper estate of the executor, in case of deficiency of that of the testator. Hudson v. Ross & Co., 1 Wash. 74, disapproving Bates v. Gordon, 3 Call 555.
In Caveat. — Damages are not to be given upon affirmance of the judgment in cases of caveat. Preston v. Harvey, 3 Call 495.
Retarding Execution of Decree. — If the defendant appeals from a decree of the high court of chancery, pronounced on a forthcoming bond, the court of appeals may allow ten per cent, damages for his retarding the execution of the decree. Skipwith v. Clinch, 3 Call 86. See McClung v. Beirne, 10 Leigh 394.
“flatter in Controversy” — Damages Allowed by Law. —The damages allowed by law, upon affirmance of a county court judgment by a superior court of law, are not to be reckoned as part of the “matter in controversy,” for the purpose of giving the court of appeals jurisdiction. If therefore the judgment be for less than one hundred dollars, but would amount to more, by adding the damages, upon affirmance, an appeal does not lie to the court of appeals. Melson v. Melson's Adm’r. 2 Munf. 542.
Injunction Bond-Surety. — 1The security in a bond for the prosecution of an injunction is not liabJe for the costs and damages, which may accrue on an appeal to an appellate court. Woodson v. Johns, 3 Munf. 230.