BEE, J.
The first point made for the plaintiff in error is upon the demurrer to the whole declaration for alleged misjoinder of counts'. Some of the counts are upon causes of action for which trespass could certainly be maintained, and these, it is said, could not be united in the same declaration with the others which are strictly appropriate to the action of trespass on the case.
*That this would be so at common law, there is no doubt, and such misjoinder would be fatal on general demurrer. Our statute however in relation to the action of trespass on the case, has, I think, materially modified the rule -as to misjoinders. By ch. 148 of the Code of Virginia, section 7, (at p. 589) it is provided that in any case in which an action of trespass will lie, there may be maintained an action of trespass on the case.—Thus, then, upon the several causes of action in this declaration for which trespass would lie, case may be maintained; and as the action is case, and the declaration purports in its introduction, to be wholly in case, those counts for the matters of which it is said trespass would lie, may be considered counts in case with as much propriety, as counts in trespass. And being for matters which are made the subjects of counts in case by the statute, there can be no reason why they may not be properly united with others which are appropriate at common law to. the same action. That the object of the legislature was to remove the difficulties at common law growing out of the nice distinctions between the cases in which trespass was the proper action and those in which the remedy was case, may be true, but in carrying out this object, they have abolished in effect the distinction between these different causes of action in a declaration in case; for that they may be united in such a declaration, is, as it seems to me, a necessary corollary froth, the provision which authorities case to be maintained where the action of trespass would lie also.
I think there is nothing in the objection, and that the demurrer was properly overruled.
Upon the separate demurrers to the several counts in the declaration, the counsel for the plaintiff in error has forborne to insist except as to those in which there is no averment of malice or want of probable cause; and very properly, as all those counts are clearly good. And as *to those in which neither malice nor want of probable cause is averred, I think no serious doubt can be entertained. If the party had given the bond required by law upon suing out the capias, in a suit upon it for the damages sustained by the defendant in the action by reason of his arrest and imprisonment through the act of the plaintiff or otherwise, no averment of malice or want of probable cause would be necessary; and the plaintiff cannot, be less liable nor can more be required to be averred where the capias is unlawfully sued out without giving the bond. For if one be arrested and imprisoned upon a capias sued out by another unlawfully, or without complying with the condition upon which it might lawfully be issued, and which is afterwards set aside, he is clearly entitled to recover damages for the injury he has sustained without reference to the particular motive by which the party suing out the capias may have been prompted, though where the suing out the process was through malice and without any reasonable cause, the damages would doubtless be aggravated because of the motives by which the party was actuated. 2 Stark. Ev. 261; 3 Rob. P. 619; Parsons v. Lloyd, 3 Wils. R. 341; S. C. 2 Wm. Bl. R. 845; Turner v. Felgate, 1 Lev. R. 95; 1 Sid. R. 272; T. Ray. R. 73; Barker v. Braham, 3 Wils. R. 368; Codrington v. Lloyd, 8 Ad. & El. 449 (35 Eng. C. L. R. 433); Curry v. Pringle, 11 John. R. 444; Bissell v. Gold, 1 Wend. R. 210. And even in case of a misnomer in the capias though the right party be arrested, yet he can maintain trespass against the plaintiff, and the process will be no justification. Shadgett v. Clipson, 8 East’s R. 328; Mead v. Hawes, 7 Cow. R. 332; Griswold v. Sedgwick, 6 Cow. R. 456; Same v. Same, 1 Wend. R. 126.
I think there was no just objection to the proof of the fee paid by the plaintiff in the action to counsel to set aside the process under which he had been arrested, and *procure his discharge from imprisonment. Several of the counts in the declaration allege that the plaintiff was put to great charges and costs in obtaining his release from imprisonment, and the fee paid for that purpose to counsel might be given in evidence to the jury. Bull. N. P. 13; Sandback v. Thomas, 1 Stark. R. 306; 2 Greenl. Ev. § 456, and authorities cited in note n, 1 and 3.
The whole fee paid would not necessarily be allowed by the jury, for they would judge of its reasonableness, and in their estimate would allow only what they thought just and proper on that account; but there could be no objection to its being proven that the fee was paid.
' In reference to the subject of the second and third bills of exceptions it may be re-, marked that whilst it is not at all times easy to see the exact bearing of evidence offered upon the issue between the parties, it is sometimes difficult to say that it is so ■utterly irrelevant that it may mislead the jury and should for .that cause be excluded’. Evidence may seem not to bear immediately *37 and. directly upon the contested matters of fact in the cause, yet it may serve to illustrate the conduct of a party by throwing light upon the motives by which he may have been prompted; and where this is a material inquiry if the evidence tend to do this in any degree, it ought not to be rejected although the court tnay think it not entitled to great weight with the jury. Now the evidence of both Phillips and Gibson was of this character. A short time before the capias was sued out, the defendant spoke to the witness Phillips in an angry and excited manner about the plaintiff, complained of an alleged injury that he had received from him, and intimated a determined purpose “to go to work” upon him, and to make -some use of the matter against him at the next Circuit court. The feeling which he manifested was of any thing but a kind and friendly character.—The witness Gibson was the president of a branch bank *at which the plaintiff had been a borrower, “in the town of Romney, some distance from the residence of these parties; and being on a visit to Randolph county, he fell in with the defendant; and in conversation, the latter very unnecessarily introduced the subject of the indebtedness of “the Harpers,” (no doubt including the plaintiff,) and made a remark plainly calculated to impair their credit at bank, and which appears to have had its effect upon the mind of the witness. If the testimony of these witnesses did not bear directly upon the subject of the capias sued out by the defendant, it certainly tended to show the mind and feeling of the defendant towards the plaintiff, and with the other circumstances of the case might serve to make out the malice imputed to him.—Chambers v. Robinson, 1 Str. R. 691; 2 Stark. Ev. $ 64; 2 Greenl. Ev. $ 453, and authorities cited. I cannot undertake to say that the Circuit court erred in permitting it to go to the jury to have such weight as they might think it entitled to.
The fourth bill of exceptions was to the introduction of the record of the case in which the affidavit was made and the capias complained of sued out. It is conceded that so much of the record as disclosed the suing out of the process, and that it was quashed by the court, might properly have been in evidence, but it is insisted that all the rest was inadmissible.
In general, when a record is to be given in evidence, the whole record should be produced. Thus it is said where any record is exemplified, the whole record must be exemplified; for the construction must be taken from the view of the matter taken together. 3 Inst. 173; 3 Bac. Ab. by Bouvier (Phil. Ed. 1852) “Evidence,” E. p. 536; and Chief Baron Comyn says “the whole record which concerns the matter in question ought to be produced,” 4 Com. Dig. “Evidence,” A, 4, p. 89; 2 Phil. Ev. 188. There may be cases doubtless *in which by way of exception to the general rule, parts of the record have been held sufficient for the purpose for
which they were introduced; but in them there could be no objection to the production of the whole. And although it might have been sufficient in this case, if the party desired only to prove the suing out of the capias and that it was quashed, to read so much of the record as went to that extent, yet I conceive, the party had a right to read the whole. If there was any portion of it not proper for the consideration of the jury, the party should have pointed it out distinctly, and asked the court to instruct the jury to disregard it. See Buster’s ex’or v. Wallace, 4 Hen. & Munf. 82; Harriman v. Brown, 8 Leigh 697. The objection therefore was too broad and not made in the proper mode. But I do not perceive why the whole record was not proper for the jury. All the facts and circumstances connected with or surrounding the transaction in issue are proper to be considered for its more perfect elucidation; 1 Greenl. Ev. § 108 et seq., 2 Ibid. ? 89. The record offered was of the case in which the affidavit and capias complained of occurred, and the facts which it disclosed were closely connected with the wrongful act complained of. It showed that the defendant had instituted an action against the plaintiff for malicious defamation, claiming a large amount of damages, and had caused the plaintiff to be unlawfully arrested and imprisoned to answer this demand.—It further showed that his allegations were unfounded, that he had no cause of action, and that he had not the slightest ground on which to sue out the capias. All this, as it seems to me, was strictly germain to the issue between the parties, and was matter which the jury might well consider on the question of malice in connection with the other circumstances of the case, and in making their estimate of the damages which the party was entitled to recover. 2 Greenl. Ev. § 89; Ibid. § *267; Merest v. Harvey, 6 Taunt. R. 442; Bracegirdle v. Orford, 2 Maule & Sel. 77; Tullidge v. Wade, 3 Wils. R. 48; Shafer v. Smith, 7 Har. & John. 67; 2 Greenl. Ev. § 272. Upon both grounds, I think the court properly permitted the record to be read.
The fifth bill of exceptions related to the instruction given b3r the court to the jur3r, on the motion of the plaintiff below, and is much complained of by the plaintiff in error here. The instruction was given after the case had been argued before the jury; and it may be inferred, from its peculiar character, that it was drawn up by the plaintiff’s counsel, with a view to meet various arguments urged by the defendant’s counsel, which they deemed unsound. It is certainly not a model of judicial brevity or skillful generalization ; and the court might well have declined giving it in the precise terms demanded, and have modified it so as to propound the law in more succinct and general terms. As it did give it, however, in the terms of the bill of exceptions, the only inquiry here is what proposition of law it announces, and whether it be correct or otherwise. And it seems to amount *38 simply to this: That if the jury believed the defendant had unlawfully sued out process of arrest against the plaintiff, and had caused him to be imprisoned upon it, and the process was afterwards set aside because illegally issued, it constituted no defence to the party, but that the plaintiff was entitled to recover damages for the wrong done him, without regard to the motives of the defendant, or the circumstances attending the doing of the wrongful and unlawful act.- Thus construed, the instruction involves no other question than what has been already considered upon the demurrers to the several counts in the declaration; and I will not repeat what has been said as to them. I think there is nothing in the instruction for which the -judgment should be disturbed.
*With regard to the instruction moved for by the defendant, the refusal to give which by the court constitutes the subject of his sixth bill of exceptions, it may be remarked, that as it does not appear that any evidence was offered tending to show that he had probable cause to believe, and did believe, when he sued out the capias, that the plaintiff in the action was about to depart from the State, the instruction asked for was of so abstract a character that the refusal of the court might be justified upon that ground. But even if the party had probable cause to apprehend his departure, yet if he sued out the process unlawfully, and caused the plaintiff to be imprisoned, the recovery of the latter was not to be restricted to merely nominal damages and the costs of setting aside the process. Por, although if the act were done without malice, the party might not be liable to exemplary and vindictive damages; yet, certainly, the act being unlawful, and in violation of the plaintiff’s right, he was entitled to recover for the loss of time, interruption of his business, and the suffering, bodily and mental, which the act might be shown to have occasioned. I think, therefore, the instruction was properly refused.
Another and the last ground of error alleged, is that the .jury was not legally constituted. This was probably assigned through inadvertence. The 8th section of chapter 162 of the Code, which' requires twenty-four jurors to be summoned, where a special jury is allowed, of whom eighteen are to be chosen by lot, has been replaced by the twenty-seventh section of chapter 27 of the Sessions Acts of 1853, (p.' 46,) which requires the panel to be twenty, and sixteen to be chosen therefrom by lot. So that the jury was constituted strictly in the manner prescribed by the existing law. But if it had been otherwise, and there had been irregularity in forming the jury, unless the party is shown to be injured by *it, the objection should have been made before the swearing of the jury. Sess. Acts 1852, ch. 27, § 25. Certainly it would come too late when made for the first time in this court.
I am of opinion to affirm the judgment.
The other judges concurred in the opinion of Tee, J.
Judgment affirmed.