STAPI/TS, J.,
delivered the opinion of the court.
This is an action of trespass on the case, instituted in the corporation court of Alexandria, by T. R. Terrill against T. A. Brewis’ administrator. The defendant demurred generally to the declaration; the demurrer was sustained, and judgment given for the defendant.
The second, third and fourth counts being clearly good, and the demurrer being to the entire declaration, it ought to have been overruled, unless the form *of the action is misconceived, or there is a misjoinder of counts.
It is claimed by the counsel for the defendant that the declaration is liable to both these objections. It contains five counts— the second in trover, the third in trespass de bonis asportatis, and the fourth in trespass. The only question is as to the first count. It is insisted that this count is in assumpsit and not in tort. It states a case of ordinary bailment without compensation; that is to say, a delivery by the plaintiff to T. A. Brewis, defendant’s intestate, of two promissory notes, to be collected by Brweis and the proceeds paid to the plaintiff; the wish of the plaintiff to repossess the notes before they were collected; his demand for them, and the refusal or failure of Brewis either to restore the notes or pay the money; whereby the plaintiff was deprived of his property,, and had sustained damage.
Now this count may be justly liable to all the criticisms of the defendant’s counsel. It may be defective both in form and sub-' stance. With that we have no concern upon a demurrer to the whole declaration. Our only inquiry is whether it is in as-sumpsit or in case. If the latter, there may be properly united with it counts in trover or in trespass. At common law it is allowable to join with counts in trover, causes of action which are strictly appropriate to trespass on the case. And now, under our statute, counts in trespass ma.j be joined to counts in action on the case. Parsons v. Harper, 16 Gratt. 64.
In determining the character of the first count in the declaration here, it is proper to bear in mind there is a class of cases (among them that of bailment) in which the foundation of the action springs out of the privity of contract between the par *555 ties, but in which, “nevertheless, the remedy for the breach or non-performance is indifferently in assumpsit, or in case upon tort. Boorman v. Brown, 3 Adol. & Ellis 525; Southern Express Co. v. McVeigh, 20 Gratt. 264.
In all these cases the contract is of course referred to to ascertain the rights of the parties and the measure of redress; but the wrongful act of the defendant is relied upon as the gravamen of the action. This is peculiarly true with regard to attorneys, surgeons, carriers and the like. The principle is, however, not confined to employments of a public character, but to all bailees, whether public or private. In cases •of mere gratuitous bailment, as no consideration is paid, it has been generally considered that an action ex delicto is peculiarly appropriate.
The case of Robinson v. Threadgill, 13 Ired. Law R. 40, is in point, and is almost identical with this. There, as here, the action was trespass on the case for failing to collect or return two promissory notes placed in defendant’s hands for collection. It was objected that the plaintiff had mistaken his remedy; that he ought to have sued in assumpsit. Nash, J., speaking for the court, said that case was the appropriate remedy. Where the law from a given statement of facts raises an obligation to do a particular act, and there is a breach of that obligation and a consequential damage, an action on the case founded on the tort is proper. Here the law raised an obligation on the defendant to do a particular act, to wit: to collect or return the notes, and he was guilty of a breach of that obligation. The plaintiff was at liberty to consider the breach of duty as his gravamen, and case was his appropriate remedy, though he might have sued in assumpsit. Govell v. Radnage, 3 East’s R. 62; Samuel v. Judin, Ibid 333; 3 Rob. Prac. 439. '^Another rule of the courts is to treat the count as partaking of the nature of the action. So that if the action is ex delicto, the count will be intended as ex delicto also, unless there be something in its form and structure which plainly forbids such intendment. And it is not unusual for the declaration to contain allegations sufficient to support it, either in tort or in assumpsit. And this upon the ground that the same circumstances which show a breach of duty constituting a tortious neglect, show also a breach of promise implied from the consideration of the hire. Gelston v. Burr, 11 John. R. 480.
The present count, however, whatever it may be, is clearly not in assumpsit. No consideration is laid for defendant’s undertaking, and no averment is made of a promise or agreement on his part to return the notes when demanded. The plaintiff has treated the refusal or failure to return them as a breach of duty amounting to a tortious negligence. This he was at liberty to do. The count must therefore be considered in case and not in assumpsit.
It is not necessary, as the counsel seems to suppose, that a declaration in an action of this kind, shall contain an express averment of a consideration. The doctrine is well settled that the breach of a trust undertaken voluntarily is actionable — the bare trusting the party with the goods being a sufficient consideration. Therefore if the goods are delivered to one, and in consideration thereof he promises to redeliver them or to do something about them gratis, the bailee is liable for a breach of his undertaking. Coggs v. Bernard, 2 Lord Raym. R. 909. All the authorities sustain this rule.
The learned counsel, moreover, insists, that a count in trover cannot be supported against a personal representative “'without an allegation that the property had come into his possession. Whatever may have been the rule of the common law upon this subject, the action is plainly given by the 20th section, chapter 130, Code of 1860. That section provides, that “an action of trespass or trespass on the case may be maintained by or against a personal representative for the taking or carrying away any goods, or for the waste or destruction of, or damage to any estate, of or by his decedent. ’ ’
It is inconceivable that the legislature intended to authorize trespass de bonis as-portatis against a personal representative, but not to permit an action of trover; which in most instances is a concurrent remedy. The only difference between these is, that trespass will not lie where the goods are lawfully obtained; whereas trover will lie whether the goods be lawfully or tortiously taken. The plaintiff has only to waive the trespass, admit the possession lawfully obtained, and sue for the wrongful conversion. Indeed the action of trover was, in its original, an action of trespass on the case. So that it would seem not only within the equity but the letter of the statute. 2 Tucker Com., book 3, page 97.
Eor these reasons the judgment of the Corporation court must be reversed, and the cause remanded to be tried upon any proper issues to be made up by the parties.
Judgment reversed.