Burks, J.
This is a writ of error to a judgment of the circuit court of Botetourt county, rendered on the verdict of a jury for two thousand dollars in an action at law for damages.
The action was case, and the only issue was on the plea of “not guilty.” The declaration contained five counts. The first count was for alleged slanderous words, the second for insulting words under the statute, the third for libel, the fourth for malicious prosecution, and the fifth for false imprisonment. The defendant demurred generally to the declaration and to each count. The coui’t overruled the demurrer to the declaration as a Avhole, and to the first, fourth and fifth counts, and sustained it as to the second and third counts. This ruling (except as to the second and third counts) is assigned as error.
The fifth count is in form trespass vi et armis. The other counts are in case. At common law, this would *197 have been a misjoinder of causes of action, and a defect fatal on demurrer. But our statute provides, that “ in any case in which an action of trespass will lie, there may be maintained an action of trespass on the case.” Code of 1873, ch. 145, § 6. This section of the statute has been construed by this court as intended to remove the difficulties at common law growing out of the nice distinctions between the cases in which trespass was the proper action and those in which the remedy was case, and as abolishing, in effect, the distinction between these different causes of action in a declaration in case. Parsons v. Harper, 16 Gratt. 64.
In this suit, the writ and declaration are in case. The joinder, therefore, of the count-in trespass with the counts in case, was admissible under the statute. The declaration as a whole is sufficient in law, and the demurrer to it was properly overruled.
The first comrt, reciting the usual formal colloquium, and without any special averments, alleges that the defendant falsely and maliciously spoke and published of and concerning the plaintiff’, the false, malicious, and defamatory words following, to-wit: “Margaret Circle (the plaintiff) and Charles Circle (her brother) attempted to bi'ibe Hannah Scott (a negro woman) to burn the wheat now stacked on my (defendant’s) land.”
Words spoken, as distinguished from words written, which are actionable at common law, have been classified as follows: 1. Words falsely spoken of a person, which impute to lfim the commissi.Qn of some criminal offence involving moral turpitude, for which, if the charge is true, he may be indicted and punished. 2. Words falsely spoken of a person,.which impute that he is infected with some contagious disease, which,- if the charge is true, would exclude him from society. 3. Defamatory words falsely spoken of a person, which impute to him unfit *198 ness to perform the duties of. an office or employment of profit, or the want of integrity in the discharge of the duties of such an office or employment. 4. Defamatory words falsely spoken of a person, which prejudice such person in his or her profession or trade. 5. Defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion such person special damage. Pollard v. Lyon, 91 U. S. R. (1 Otto), 225.
The words, as laid in the first count, do not answer the description of defamatory words in either the second, third, fourth or fifth class just mentioned. If they are actionable in the form alleged, it must be because they belong to .the first class, and per se impute a criminal offence of moral turpitude, indictable and punishable under the law.
The malicious burning of “ a stack of wheat, or other grain, or of fodder, straw or hay,” is a felony under our statute. Code of 1873, ch. 188, § 5.
To solicit another to commit a felony, although the felony be not afterwards committed, is a misdemeanor at common law, indictable and punishable. The King v. Higgins, 2 East. R. 5; King v. Phillips, 6 East. R. 464; Davis Crim. Law, 371. Whether such solicitation would be an “ attempt” within the meaning of the statute, Code of 1873, ch. 195, § 10,.need not be decided in this case.
Giving to the words laid in this count their ordinary meaning, as is proper in such cases (Colman v. Godwin, 3 Doug. R. 90; Woolnoth v. Meadows, 5 East. R. 463), I do not doubt that they are actionable per se at common law. The words-, “ attempted to bribe,” as alleged, imply a promise or offer of reward, importing, at tire least, a solicitation; and connected with the other words laid,' they impute a criminal offence, indictable and punishable *199 under the laws of this state. The moral turpitude of such an offence, none will question.
The demurrer to this count was properly overruled. And so, I think, there was no error committed in overruling the several separate demurrers to the fourth and fifth counts.
The fourth count sets out a case of malicious prosecution. To be sufficient in law, such count should allege: 1st. The prosecution in its particulars. 2d. That it was set on foot, instigated, or procured by the defendant. 3d. That it had terminated favorably to the plaintiff. 4th. That it was without probable cause. 5th. That it was malicious. Scott & Boyd v. Shelor, lately decided by tills court at Wytheville, and not yet regularly reported. (Published in the Virginia Law Journal, September, 1877, vol. I, No. 9, p. 539, et seq.) 28 Gratt. 891.
The objection urged on the demurrer to this count, is, that although want of probable cause is alleged for the complaint and proceedings in said count mentioned, yet that the judgment of the justice of the peace therein referred to, although reversed and annulled, shows of itself the existence of probable cause, and that the count therefore shows no sufficient cause of action. The answer to this objection null be found in what will he said in disposing of the exception taken to the refusal of the court to give the first instruction to the jury asked for by the plaintiff in error.
The fifth count is from the precedent to be found in Hob. Prac. 580-581, copied by the author from 70 Eng. O. .L., and pronounced by Wilde, C. J., as in the ordinary form.
After pleading the general issue, the defendant tendered a special plea to the fifth count of the declaration, v'hich was rejected by the court upon the ground that it amounted to the general issue. I think it was properly *200 rejected. The count is for an illegal forcible arrest and imprisonment. The plea specially denies such arrest and imprisonment, and is so far, it would seem, in effect, a plea of “not guility;” but it further proceeds to set out all the proceedings before the justice, as it were by way of confession and avoidance, and concludes thus: “And SO' the said defendant says, that the said arrest and imprisonment complained of in said fifth count of said declaration was made in the course of a judicial proceeding and upon probable cause,” &c. The plea is incongruous and otherwise fatally defective.
In the course of the trial, the defendant filed several bills of exceptions to the rulings of the court on the admission and rejection of evidence, but I do not perceive that any error was committed in the rulings.
The special constable charged with the arrest of the plaintiff and her brother under the warrant issued by the justice of the peace, being examined as a witness by the plaintiff, testified that on Sunday, the 16th of July, the day on which the warrant was issued and placed in his hands for service, he went to the house of the plaintiff,, read the warrant to her, and without then taking her into custody, requested her to attend before the justice on the next day (Monday). On cross-examination, the defendant’s counsel propounded to him the following questions: “"Why did you not arrest them on Sunday evening t Was it not in consequence of instructions from Captain Douthat, the justice of the peace, when he gave you the warrant ?” The court refused to allow the questions to be answered. I do not see how the answers, either one way or the other, could have been relevant. The warrant was the constable’s only authority to make the arrest.. The fact of the arrest was one of the facts in issue, but whatever instructions, if any, the constable received from *201 the justice, they could not show ol’ tend to show, whether or not the arrest was actually made.
The plaintiff:' was permitted, against the objection of the defendant interposed, to give in evidence to the jury certified abstracts from the books containing the returns of the assessment for taxation of the lands and personal property belonging to the defendant in the year 1876. The objection to this evidence was not to the form of the abstracts, or that they did not truly state wbat they purported. The purpose of introducing it, as avowed by the plaintiff’s counsel, when it was offered, was to show the wealth and influence of the defendant in the community. I think it was competent for that purpose. Damages in such cases as this are assessed, not according to the ability of the defendant to pay, hut according to the injury by the plaintiff' sustained. The inquiry for the jury is not what the defendant can pay, but what the plaintiff ought to receive. So far, then, as the defendant’s rank and influence in society, and therefore the extent of the injury are increased by Ms wealth, evidence of the fact is pertinent to the issue. 2 Greenleaf Ev. § 269; 3 Plfll. Ev. (5th Amer. ed.) side p. 573, note 6.
The court very properly refused to permit the witness, "Walkup, to answer the questions propounded to him by the defendant’s counsel in the form in which they were put. Tlmeats, if any made by John S. Circle, even if communicated to the defendant, were res inter alios actce. The court, however, stated that if the counsel would confine the question to the plaintiff and her brother Charles, the question, thus limited, might be asked and answered; but it does not appear that the question thus modified was ever asked.
Evidence of the fact that the defendant kept watch over Ms wheat, if he did keep such watch, after he received such information from Sallie Ailstock, that the plaintiff *202 and her brother Charles had attempted to bribe Hannah Scott; to burn the wheat, was not competent. The proof was that as soon as the defendant received the informa^on from gallie Ailstock, the warrant for the arrest of plaintiff and her brother was issued. The acts of the defendant could not be introduced as evidence in his own behalf any more than could his declarations, especially post litem motam. They were not offered, and did not come, under the rule res gestee. There was no error therefore in the refusal of the court to permit the witness, James Kyalls, to answer the question'propounded to him by the defendant’s counsel.
Hor did the court err in the refusal to permit George M. Carper to answer the question put to him. Carper was introduced by the defendant to rebut the testimony of Charles S. Circle. Circle’s testimony was excluded by the court without objection on the part of the plaintiff, who had introduced him, and therefore Carper’s answer would have been immaterial and irrelevant.
The defendant’s counsel asked for three instructions to the jury, all of which were refused by the court, and he excepted.
The first instruction ivas in these words: “If the jury shall be satisfied from the evidence, that Sallie Ail-stock gave information to the defendant, William W. Womack, that Margaret Circle and Charles Circle had attempted to bribe Hannah Scott to burn defendant’s Avheat stacks, and that defendant, believing said information to be true, went before Henry C. Douthat, a justice of the peace in the county of Botetourt, and made complaint that file plaintiff' and her brother, Charles S. Circle, did attempt to bribe said Hannah Scott to burn his wheat; and if the jury shall furthermore be satisfied that said Henry C. Douthat, justice of the peace, caused said plaintiff and witnesses to be brought before him *203 and examined into the truth of said complaint, and upon such examination decided that said plaintiff, Margaret Circle, was guilty as charged, and required her on account thereof to enter into a bond or recognizance for her good behavior, this constitutes sufficient proof of probable cause for the proceeding of the defendant, and the jury cannot find a verdict for the plaintiff on account of said complaint on oath before Henry C. Douthat, justice of the peace, or on account of the arrest or imprisonment of the plaintiff in pursuance thereof, even though they should find that the complaint was subsequently dismissed by the county court, the plaintiff acquitted, and the said bond or recognizance quashed by said court, unless the jury shall be satisfied by the evidence that William W. Womack, the defendant, knew the testimony before the justice to be false.”
Of the several definitions of probable cause given in the opinion delivered in the recent case of Scott & Boyd v. Shelor, supra, that which was approved as supported by the greatest weight of authority, is in these words : “ Probable cause is the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.”
• The question of probable cause is a mixed proposition of law and fact. The existence of the facts and circumstances is a question of fact for the jury; their sufficiency, a question of law for the court. It was so held by Lord Mansfield and Lord Loughborough in the celebrated case of Johnstone v. Sutton, 1 Term R. 510, a decision in the exchequer chamber, affirmed in the house of lords; and since that case, the decisions of the courts have been generally to the same effect. Indeed, it is *204 said it is now universally agre.ed that such is the settled rule.
The case of Crabtree v. Horton, 4 Munf. 59, is not at all in conflict with the rule. There the court below had decided that the evidence proved probable cause. This court held the decision to be erroneous, because the facts were not left to be deduced by the jury.
The purport of the instruction under consideration is not very clear, but as I understand it, it informs the jury that if they believe the facts therein hypothetically stated, then that the decision of the justice was conclusive evidence of probable cause for the defendant’s complaint and the proceedings thereon. I say conclusive, because they are directed not to find a verdict for the plaintiff-, although they should find that the complaint was subsequently dismissed by the county court, the plaintiff’ acquitted, &c.
The instruction does not declare that the information therein referred to, if received and believed, alone constituted probable cause for the complaint, but it seems to have been intended to give to the decision of the justice a conclusive effect as evidence of the existence of probable cause.
So understanding the instruction, I think it was properly refused.
The complaint in this case and the proceedings thereon were evidently made and had under chapter 196 of the Code of 1873, sections 2,3,4, 5, 6. The justice held that there was good cause for the complaint, and gave judgment that the plaintiff should enter into recognizance to keep the peace and be of good behavior*, and upon failure to give the recognizance, should be committed to jail. The recognizance was given and an appeal taken to the county court. On the appeal, the judgment of *205 the justice was reversed and annulled, the recognizance quashed, and the complaint dismissed.
• It may he conceded, that a final judgment of convic tion hy a judicial tribunal having jurisdiction, in full force, would be conclusive evidence of the existence of probable cause for the prosecution in which such judgment was rendered, and that a judgment of a justice of the peace, such as was rendered in this case, based presumptively upon the conclusion required by the law, that “there was good cause for the complaint upon which it was rendered, would, if left in full force, be entitled to the same weight as evidence; but it by no means follows that such an effect should be attributed to a judgment which, in due course of law, has been appealed from, reviewed, wholly reversed and annulled by an appellate court. In such case, the first judgment has been authoritatively pronounced to be erroneous. It is a nullity; and while it may still be regarded as furnishing some evidence, perhaps prima facie, of probable cause for the proceeding in which it was rendered, from the nature of the case and upon principle, as it seems to me, it can have no conclusive operation as evidence of such probable cause. The authorities are conflicting, and as we have no decision of this court upon the question, I feel free to form my own judgment in the matter.
In an English work of merit it is said: “A conviction of the plaintiff' by a magistrate, so long as it has not been reversed on appeal, affords a conclusive answer to the charge that the complaint. or information was founded in malice, and was preferred without reasonable or probable cause.” 2 Add. on Torts (4th Eng. ed.) 750. It would seem to be plainly implied, that if “reversed on appeal,” the judgment would not be a conclusive answer. See further same book, pp. 754, 755.
*206 In Massachusetts it has been held that a judgment of conviction by a justice of the peace, is- conclusive evidence, although, on appeal, the judgment has been reversed, (Whitney v. Peckham, 15 Mass. R. 243), while in Connecticut it seems to have been held that such judgment is not conclusive, although, if the trial was fair and full, entitled to great consideration. Goodrich v. Warner, 21 Conn. R. 432, cited in 1 Hilliard on Torts, 480.
These were cases, it will be observed, in which the magistrate had jurisdiction to try and convict for petty offences. In the case under consideration, the justice had no such jurisdiction, and he exercised none such. There was no trial and no conviction in a strict sense. His judgment was only the exercise of a protective and preventive justice. The complaint, however, on which the judgment was based, if malicious and without probable cause, furnished good cause of action. From what has been said in passing upon the demurrer to the first count in the declaration, it will be seen that the complaint of the defendant preferred to the justice, charged the plaintiff' with a substantive offence, a solicitation to commit a felony. For this offence, the plaintiff might have been indicted and tried, and instead of merely requiring the plaintiff to give recognizance for her good behavior, with a view of preventing the commission of the alleged threatened felony, the justice, if he thought there was sufficient causo for charging her with the offence of soliciting another to commit a felony, might have recognized her, and in default of recognizance, have committed her to answer for that offence at the next term of the county court of Botetourt. Code of 1873, ch. .199, § 15. If the justice had pursued this course, as he might have done, and upon trial for *207 the offence she had been acquitted, certainly the judicial action of the justice would have been only prima facie evidence of probable cause for the complaint. Maddox v. Jackson, 4 Munf. 462. No greater weight, it seems to me, should be given to the judgment which was rendered and afterwards reversed. The justice held that there was good cause for the complaint, the county court, on appeal, decided that there was not good cause for the complaint, reversed the judgment and dismissed the complaint. To give to such reversed judgment the conclusive effect claimed for it, would be extending the doctrine of legal presumptions much farther than I am willing to go.
The instruction as asked for was, I think, erroneous, and was properly refused. But the court should not have contented itself with a mere refusal to give the instruction. It is susceptible of several constructions, and the refusal to give it tended to mislead the jury. The court should have so modified it as to inform the jury that the judgment of the justice, under the circumstances stated in the instruction, although reversed by the county court, was prima facie evidence of probable cause, and consequently that the presumption arising from it might be repelled by other evidence; and thus modified, the instruction should have been given. Peshine v. Shepperson, 17 Gratt. 472; Ward v. Churn, 18 Gratt. 801.
The discussion of the second instruction is unnecessary after what has been said of the first. It was properly refused.
The fault in the third instruction lies in making confinement in jail or other place, or actual seizure of the person, necessary to a verdict for the plaintiff under the fifth count in the declaration.
Actual contact is not necessary to constitute arrest or imprisonment. False imprisonment is the unlawful *208 restraint of a person contrary to Ms will, either with or without process of law. 1 Hilliard on Torts, 208.
There was evidence in the case-tending to show that on the day after the warrant was issued, if not before, the plaintiff was in the power and custody of the constable under the warrant in his hands. The warrant commanded the arrest, and the constable endorsed, as his return upon it, “ executed.” Ho error was committed in refusing this instruction.
After the court had refused to give the several specific instructions, which have been considered, the counsel of the defendant then asked the court to “ instruct the jury generally upon the law of the case,” wMch the court refused to do, remarking that “ it would leave the case to the jury upon the discussion of the law by the counsel;” to which refusal of the court so to instruct the jury the defendant by his counsel excepted.
It has not been the practice in Virginia, as in England, for the courts to charge the jury upon the law of the case, and it is not error to refuse to give such charge, or to refuse to instruct generally upon the law of tire case. If either party desire any specific instruction to be given, he has tire right to ask it, and the court is bound to give it, provided it expounds the law correctly upon any' evidence before the jury. A party cannot, by asking for an erroneous instruction, or, as I apprehend, by asking for a general instruction, devolve upon the court the duty of charging the jury on the law of tire case. See Rosenbaums v. Weeden, Johnson & Co., 18 Gratt. 785, 799. As before stated, if tire refusal of an erroneous instruction asked for tends to mislead the jury, a proper instruction should be given in its stead, and it would be error not to give it.
The remark of the judge that “he would leave the case to the jury upon the discussion of the law by the coun *209 sel,” does not appear to have been addressed to the jury, and although it is embodied in the bill of exceptions, it is not therein made a ground of objection. The excep tion is only to the refusal of the court to instruct. The remark, no doubt, was addressed to counsel, and was so understood.
I am of opinion, that for the error of the court in not giving the first instruction asked for by the defendant, modified as hereinbefore indicated, the judgment of the circuit court should be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.
As there must be a new trial, it is unnecessary, and would be improper for me to express any opinion upon the questions raised by the defendant’s eighth bill of exceptions taken to the refusal of the court to set aside the verdict of the jury, on the ground that it was contrary to the law and the. evidence, and that the damages allowed by the jury were excessive.
The judges were divided upon the question as to the weight which should be given to the judgment of the justice of the peace. Moncure, 1\, and Christian, J., were of opinion that the judgment, although reversed upon appeal, was conclusive evidence of probable cause for the complaint, and that the defendant’s first instruction should have been given as asked for. Staples, J., concurred with Burks, J., that the reversed judgment was only prima facie evidence of probable cause, and that the instruction was properly refused; but that the court' erred in not giving a proper, instruction in place of the one refused.
In all other respects the opinion of Burks, J., was concurred in by all of the other judges.
*210 The judgment was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court erred in its ruling upon the first instruction prayed by the defendant to be given the jury on the trial of the issue in this cause, which instruction is set out in the defendant’s second bill of exceptions and noted therein as “bio. 1;” two of the judges of this court being of opinion that the said instruction as asked for was not erroneous, and should have been given to the jury as asked for, and the other two judges being of opinion that said instruction as asked for was erroneous, and was properly refused; but that said circuit court erred in not modifying said instruction so as to inform the jury that the judgment of the justice of the peace referred to in said instruction, under the circumstances therein stated, although reversed by the county court of Botetourt county, was prima fade evidence, and only prrima fade evidence of probable cause for the complaint therein mentioned and the proceedings thereon, and that the presumption of probable cause raised by said judgment might he repelled by other evidence ; and that said circuit court further erred in not giving said instruction, so modified, to the jury.
And the court is further of opinion, that there is no other error in said judgment, or in the rulings of said circuit corn’t, complained of in this cause.
It is therefore considered that the said judgment be reversed and annulled, the verdict of the jury set aside, and a new trial be had by a jury in the said circuit court of the issue joined by the parties in this cause, and that *211 tlie plaintiff' in error recover against the defendant in error his cost hy him expended in the prosecution of his writ of error aforesaid here.
And this cause is remanded to the said circuit court for further proceedings to be had therein in conformity with the opinion and principles herein expressed and declared; which is ordered to he forthwith cei’tified to the said circuit court of Botetourt comity.
Judgment reversed.