# Richmond.

## NELMS ET ALS. V. VAUGHAN ET ALS.

### APRIL 5th, 1888.

#### Absent, Richardson, J.

1. PROHIBITION—*When issued*—*Writ of error.*—Writ of prohibition will be issued to restrain inferior court from exceeding its jurisdiction, but will never be allowed to usurp place of writ of error, especially where the law provides that no writ of error shall lie.

2. ELECTIONS—*County court*—*Statute directory.*—The directions of ch. 144, Acts 1874, p. 159, providing that county elections shall be subject to enquiry by county courts on petition of fifteen qualified voters, to which two shall take and *subscribe* an oath, are, *as to form*, merely directory, as it is not intimated that they must be complied with, else all will be vitiated, or no further proceedings can be had.

Petition for writ of prohibition.    Opinion states the case.

*J. F. Crocker*, for the petitioners.

*Jos. Christian* and *W. S. Holland*, for the respondents.

LACY, J., delivered the opinion of the court.

This is a petition for a writ of prohibition.    The object is to restrain the Hon. Chandler W. Hill, judge of the circuit court of Isle of Wight county, from exceeding his jurisdiction in trying a contested election case involving· a controversy over the county offices of that county, on the ground that the

oath appended to the petition of the qualified voters, by which the proceedings were inaugurated, was not subscribed by two of the petitioners, while it is admitted that the said oath was duly sworn although not subscribed. By the seventh section of chapter 10 of the Code it is provided that the returns of elections of county officers shall be subject to the inquiry, determination and judgment of the county court; and by the fourth section of chapter 144 of the acts of 1874 (Sess. Acts 1874, p. 159) an appeal to .the circuit court is provided for, whose decision the law declares shall be final.. The consideration of the circuit court in this case has been involved by appeal from the said county court of Isle of Wight county. The case being a case of a contested election for county officers commenced in the county court, and duly carried to the circuit court by appeal, as has been said, there can be no doubt of the jurisdiction of that court unless the jurisdiction of that court, in this particular case, has been unlawfully obtained in some respect. If that court has erred in a case intrusted to it by law, that error can only be corrected by appeal; and as to this sort of case there is no appeal, as the law provides that the circuit court shall determine *finally.* But as the law provides that the returns of such elections shall be subject to the judgment of the said court upon the complaint of fifteen or more of the qualified voters of the county of an undue election and false return, and provides that two of these shall take and *subscribe* an oath or affirmation, and the oath in this case does not appear to be *subscribed,* it is claimed that the circuit court, has no jurisdiction to hear the complaint, one of the directions of the statute not having been literally complied .with; while, on the other hand, it is suggested that as to this provision there are no negative words employed which import that the. act shall be done in this particular manner and not otherwise, but that the law expressly provides that the courts shall, in judging of such elections, proceed upon the merits thereof, and shall determine finally concerning *the same* accord-

ing to the constitution and laws of this commonwealth, while it is provided as to this complaint that "*such complaint shall not be valid or regarded by the court,* unless the same shall have been filed within ten days after the election, in the clerk's office of the proper court." In considering this question we will remark that the writ of prohibition is issued by a superior court directed to the judge and parties to a suit in an inferior court, commanding them to cease from the prosecution of the same, upon a suggestion that the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court. The writ of prohibition may also be issued when, having jurisdiction, the court has attempted to proceed by rules differing from those which ought to have been observed, or when by the exercise of its jurisdiction the inferior court would defeat a legal right, the consideration of which has often occupied this court, whose decisions are to be found numerously reported. See *West* v. *Ferguson,* 16 Gratt., 270; *Ex parte Ellyson,* 20 Gratt., 21; *McDougal* v. *Guigon,* 27 Gratt., 134; *Hogan* v. *Guigon,* 29 Gratt., 706; *Shell* v. *Cousins,* 77 Va., 328; *James* v. *Stokes, Id.* 225. From these decisions it may be declared that, while the writ will be issued to prohibit and restrain an inferior court in exceeding its jurisdiction, the writ will never be allowed to usurp the place of a writ of error, and especially so where the law provides that no writ of error shall lie, but that the lower court shall determine finally; that the policy of the legislature was to provide in such cases a cheap and speedy mode of contesting an election upon its merits, on the complaint of qualified voters of an undue election and false return; that the law is remedial, and must be considered and construed as most effectually to meet the beneficial end in view, and to prevent a failure of the remedy. It is true that this statute does in terms provide that the oath in question shall be subscribed as well as taken, and that in this case, while the notary does certify that the oath has been both subscribed and

taken, the names do not appear to be there written, and the circuit court having directed the two named qualified voters who had subscribed the complaint, and whose names are inserted in the body of the oath, to now subscribe the same so as to amend where the defect appears, the writ of prohibition is applied for to restrain the said circuit court from exceeding its jurisdiction by so amending the oath. The law directs the form of these proceedings, and there is no doubt that the intention of the act is that *these forms* shall be substantially complied with, but there is nothing in the act to indicate the intention that every departure from the letter of the act shall vitiate the proceedings, and oust the court and every court from applying the remedy provided by this statute; and it is reasonable to infer that if such intent had existed, it would have been manifested in the act, for the act does provide as to the time of filing the complaint that, if it is not filed within ten days, it shall not be valid or regarded by the court, thus providing those negative words by which the legislative intent is made plain. We are authorized to regard the directions as to form as merely directory, as there is no intimation that they must be done or all will be vitiated, or else no proceedings shall be further had. In *Pearse* v. *Morrice*, Taunton, J., said: "I understand the distinction between directory and imperative statutes to be that a clause is directory when the provisions contain mere matter of deduction, and nothing more; but not so when they are followed by such words as are used here, viz., that anything done contrary to such provisions shall be null and void to all intents. These words give a direct, positive, and absolute prohibition." 2 Adol. & E., 94. A statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statue. *People* v. *Cook*, 8 N. Y., 87. Generally the rule is where a statute specifies a time within which a public officer is to perform an act regarding the rights and duties

of others, it will be considered as merely directory, unless the nature of the act to be performed or the language shows that the designation of time was intended as a *limitation of* power. *People* v. *Allen*, 6 Wend., 487; *Jackson* v. *Young*, 5 Cow., 269. Mr. Justice Potter, in his notes to Dwarris, remarks that there is a class of cases which hold that whether a statute is to be regarded as directory or not, is made to depend upon the employment or failure to employ negative words which import that an act shall be done in a particular manner or time, and not otherwise; citing *Stayton* v. *Hulings*, 7 Ind., 144; *King* v. *Inhabitants of St. Gregory*, 2 Adol. & E., 99; saying Lord Mansfield's rule is doubtless a better one, that whether the statute was mandatory or not depended upon whether the thing directed to be done was the essence of the thing required. *Rex* v. *Loxdale*, 1 Burrows, 447. The statute having been substantially complied with in all essential particulars, where the provisions are mandatory, and can be said to be a limitation of powers, there can be no doubt in this case that the matter is within the jurisdiction of the circuit court, and the writ in this case must be denied, it appearing that the said court is not proceeding without nor in excess of jurisdiction. It is not necessary nor proper in this proceeding to consider the propriety of the action of the circuit court in allowing amendment, as this is not a writ of error.

WRIT DENIED.