# COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Causey and Callins
Argued at Winchester, Virginia


KEIRY MARISOL TORRES, S/K/A
  KIERY MARISOL TORRES

                                 MEMORANDUM OPINION[*] BY
v.      Record No. 0028-23-4        JUDGE DORIS HENDERSON CAUSEY
                                         JUNE 18, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Judge

Paul D. Fore, Senior Trial Attorney (Office of the Public Defender,
on briefs), for appellant.

Collin C. Crookenden, Assistant Attorney General (Jason S. Miyares,
Attorney General; Michael L. Eaton, Assistant Attorney General, on
brief), for appellee.


Following a jury trial, the Circuit Court of Fauquier County convicted Keiry Marisol Torres of unlawfully refusing a breath or blood test. On appeal, Torres contends that the circuit court erred in denying her motion to vacate and by improperly allowing a certain jury instruction. We hold that the circuit court did not err in denying Torres's motion to vacate. Furthermore, as the record definitively shows that the jury had come to a decision on refusing a breath or blood test charge before giving this instruction, we hold any error in giving the instruction to be harmless error.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

At around 2:00 a.m. on November 22, 2020, Fauquier County Sheriff's Deputy Tyler Lloyd observed a vehicle stop about 50 yards prior to reaching a stop sign. After the vehicle drove on, he followed it onto Interstate 66 and observed it failing to maintain its lane for approximately three miles. He then initiated a traffic stop, which his police dash camera recorded.[2]

Upon approaching the vehicle, Deputy Lloyd immediately "noticed a strong odor of alcoholic beverages." He also observed that the vehicle's operator, Keiry Marisol Torres, had "glossy eyes" and that her speech was "slurred." Based on his observations, Deputy Lloyd asked Torres if she had been drinking alcohol. Torres admitted that she had been drinking at a wedding in Stafford. Deputy Lloyd asked Torres to step out of the vehicle. Upon exiting, Torres was unsteady on her feet and used the vehicle to remain balanced.

Deputy Lloyd administered three standard field sobriety tests. During each of the field sobriety tests, Torres's performance was deficient, or she failed to follow Deputy Lloyd's instructions. Based on the results of the field sobriety tests, Deputy Lloyd asked Torres to undertake a preliminary breath test ("PBT") and explained her rights regarding her decision to comply with this request. Torres declined to provide a breath sample for the PBT. Deputy Lloyd arrested Torres for driving under the influence.

After arresting Torres, Deputy Lloyd transported her to "the breath room," where he asked her again to provide a breath sample pursuant to the Virginia implied consent law. Torres refused.

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Torres's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

[2] The Commonwealth later admitted this video into evidence at trial as Commonwealth's Exhibit 1, played it for the jury, and had it transcribed.

Deputy Lloyd explained the implied consent law and read an "Acknowledgement of Refusal" to her. Deputy Lloyd asked Torres again if she would take the breath test, which she again refused. Following this refusal, Deputy Lloyd took Torres before a magistrate. The magistrate held that probable cause existed to support the charges of driving while intoxicated in violation of Code § 18.2-266, and refusal in violation of Code § 18.2-268.3.

On September 2, 2021, Torres moved to suppress evidence seized in the case, asserting that Deputy Lloyd had not developed "the level of reasonable suspicion required to initiate a traffic stop." On October 1, 2021, the circuit court held a hearing on Torres's motion to suppress and denied the motion.

On November 16, 2022, Torres was tried before a jury. Following the presentation of the Commonwealth's case, Torres moved to strike both charges. As to the motion to strike the refusal charge, Torres cited Code § 18.2-268.3(C) and (D) in arguing that the magistrate did not have probable cause to issue the warrant because the refusal form had not been attached to the warrant. The circuit court denied Torres's motions.

Following the presentation of Torres's case, the court instructed the jury and both sides presented closing argument. Then the jury retired to deliberate. After some time, the court and parties reconvened because the court had received a note from the jury that read, "What if we are not going to come to a unanimous decision on one of the charges?" After discussing the matter with the parties, the court sent a note to the jury asking, "Do you currently believe you are at [an] impasse?" The jury responded that, "We have a verdict on Charge B, but we are at an impasse on Charge A, and at least two jurors who have stated they will not change their minds. What should we do at this point?"[3]

---

[3] Charge A was the driving while intoxicated charge, and Charge B was the refusal charge.

The circuit court determined that an *Allen*[4] instruction was appropriate. Neither party objected to an *Allen* instruction. However, Torres wanted the court to give the *Allen* instruction as stated in Virginia Model Criminal Jury Instruction 2.780. The court sua sponte proposed an instruction that differed from the model instruction, and Torres objected. The court overruled the objection, explaining that,

> I don't think the model goes far enough personally, and I think they need to bear the weight of the importance of making a decision in this case. And I think that is one of the many factors that needs to be explained to them. Not to mention it's the cost of litigation, but also the -- it also describes it as the defendant having to endure a second trial potentially. So it brings out all of those factors.

The circuit court then instructed the jury using the court's preferred instruction.

After receiving Instruction No. I ("*Allen* charge"), the jury returned to the jury room to continue deliberations. Ultimately, the jury returned a verdict of not guilty as to the driving while intoxicated charge and returned the guilty verdict as to the refusal charge. The court sentenced Torres to confinement in jail for a period of 180 days, a fine of $500, and court costs. The court suspended Torres's jail sentence and placed her on unsupervised probation for twelve months. The court also suspended Torres's license for three years.

On November 29, 2022, Torres filed a motion to vacate the judgment on the refusal charge arguing that the magistrate's "finding of probable cause should be void, as it was in violation of Va. Code § 18.2-268.3(D)." The circuit court denied the motion finding that: (1) the statutory requirement that the sworn advisement form be attached to the summons is procedural, not substantive, and that the statute provides no provision for dismissal if not complied; (2) the attachment of the sworn advisement form provides prima facie evidence of probable cause to charge

---

[4] *Allen v. United States*, 164 U.S. 492 (1896).

the defendant with unreasonable refusal, but its absence is not dispositive; and (3) that sufficient evidence was presented at trial to support the jury finding of guilt. This appeal timely follows.

ANALYSIS

Torres contends that the circuit court erred in denying her motion to vacate. She argues that the magistrate's finding of probable cause should be void and the case against Torres dismissed because there are no facts in the record to support that Code § 18.2-268.3(D) was complied with.

"To the extent an assignment of error involves statutory construction, we review these issues de novo." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 76 (2015). "'When construing a statute, our primary objective is "to ascertain and give effect to legislative intent," as expressed by the language used in the statute.'" *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 190 (2023) (quoting *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012)). If "the language of a statute is unambiguous, we are bound by the plain meaning of that language." *Heart v. Commonwealth*, 75 Va. App. 453, 466 (2022) (quoting *Cuccinelli*, 283 Va. at 425). "Under Virginia's implied consent law, any person operating a vehicle on a Virginia highway is 'deemed . . . to have consented' to submit to a chemical test that measures his blood alcohol and/or drug content if he is arrested for violation of Code § 18.2-266." *D'Amico v. Commonwealth*, 287 Va. 284, 289 (2014). Code § 18.2-268.3(D) states:

> The arresting officer shall, under oath before the magistrate, execute the form and certify (i) that the defendant has refused to permit blood or breath or both blood and breath samples to be taken for testing; (ii) that the officer has read the portion of the form described in subsection C to the arrested person; (iii) that the arrested person, after having had the portion of the form described in subsection C read to him, has refused to permit such sample or samples to be taken; and (iv) how many, if any, violations of this section, § 18.2-266, or any offense described in subsection E of § 18.2-270 the arrested person has been convicted of within the last 10 years. Such sworn certification shall constitute probable cause for the magistrate to issue a warrant or summons charging the person with unreasonable refusal. The magistrate shall attach the executed and sworn advisement form to the warrant or summons

- 5 -

> . . . . The magistrate or arresting officer, . . . , shall forward the executed advisement form and warrant or summons to the appropriate court.

Our Supreme Court has previously held that the word "shall" at times does not mean strict compliance.

> A third line of authority—involving the largest number of cases— addresses statutes that command action by a public official or public body. In 1888, our Supreme Court held that a shall that is used in a "statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute."

*Henderson v. Commonwealth*, 77 Va. App. 250, 263 (2023) (quoting *Nelms v. Vaughan*, 84 Va. 696, 699 (1888)). "Our courts have applied *Nelms* many times to statutes that used *shall* to require action by courts, governmental agencies, or public officers, holding that the shall command in that context is directory unless the text shows otherwise." *Id.*

In *Commonwealth v. Rafferty*, 241 Va. 319, 324 (1991), the defendant had similarly asserted that he could not be prosecuted "because the magistrate's certificate of his refusal was not '*attached* to the warrant,' as required by Code § 18.2-268(Q)." The Supreme Court of Virginia rejected Rafferty's claim stating,

> In construing another statute directing the act by the word "shall," as in this case, we said "[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute." *Nelms v. Vaughan*, 84 Va. 696, 699 (1888) (citation omitted). As in *Nelms*, we do not construe use of the word "shall" as a sufficient legislative declaration making attachment of the certificate essential to the validity of this proceeding. Hence, the magistrate's failure to attach the certificate to the summons was not fatal.

*Id*. at 324-25

Here, the circuit court found "the statutory requirement that the sworn advisement form be attached to the summons is procedural in nature, not substantive, and that the statute provides no

provision for dismissal if not complied." Based on a plain reading of the statute and a review of our binding precedent, this is true. There is no declaration in the statute that failure to comply with Code § 18.2-268.3(D) would result in dismissal or that strict compliance is required. To the contrary, Code § 18.2-268.11 provides unambiguously that "[t]he steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples *are procedural and not substantive*." (Emphasis added). Therefore, "the failure to attach the certificate to the summons was not fatal" to charge Torres of unlawfully refusing a breath or blood test. Thus, the circuit court did not err in denying Torres's motion to vacate.

Torres also contends that the circuit court erred by instructing the jury improperly regarding the *Allen* charge. Torres argues that the trial judge abused his discretion when he "sua sponte introduced his own jury instruction based on [his] personal beliefs, and then over objection of Ms. Torres instructed the jury."

This Court reviews a trial court's decision to refuse a jury instruction for abuse of discretion. *King v. Commonwealth*, 64 Va. App. 580, 586 (2015) (en banc). However, this Court reviews de novo "whether a jury instruction accurately states the relevant law." *Conley v. Commonwealth*, 74 Va. App. 658, 675 (2022) (quoting *Watson v. Commonwealth*, 298 Va. 197, 207 (2019)). The "*Allen* charge" reminds "the jurors of their duty to reach a verdict if they could possibly do so and reviewed each juror's individual responsibility in deciding the case." *Joseph v. Commonwealth*, 249 Va. 78, 87 (1995).

> It is well settled that when jurors have announced their inability to agree it is within the discretion of the trial court to urge on them an earnest effort to reach an agreement. In doing so, the court may point out the importance of their reaching an agreement and their duty to do so if they can without surrendering their individual consciences.

*Petcosky v. Bowman*, 197 Va. 240, 252 (1955) (citing *Smith v. Stanley*, 114 Va. 117, 131 (1912)).

Assuming without deciding, as Torres urges, that the trial court erred, we hold that such error is harmless. This Court and "[t]he United States Supreme Court ha[ve] repeatedly stated that harmless error analysis is appropriate in the context of improper jury instructions." *Conley*, 74 Va. App. at 684 (quoting *Kil v. Commonwealth*, 12 Va. App. 802, 812 (1991)). "Under the harmless error doctrine, the judgment of the court below will be affirmed whenever we can say that *the error complained of could not have affected the result*." *Rhoades v. Painter*, 234 Va. 20, 24 (1987) (emphasis added). "The doctrine is never applied, however, when it appears that the jury has been misinstructed and, had it been properly instructed, that it might have returned a different verdict." *Blue Stone Land Co. v. Neff*, 259 Va. 273, 279 (2000) (quoting *Rhoades*, 234 Va. at 24).

Here, the harmless error doctrine applies to Torres's claim that the circuit court erred in providing its own *Allen* charge. At the time the jury stated it had reached an impasse, it provided to the circuit court that "[w]e have a verdict on Charge B." The Charge B verdict form states that the jury found Torres guilty of "unreasonably refusing to submit to a breath test as charged in the warrant." Hence, the jury determined its verdict on Charge B *before* the jury was given the *Allen* charge, preventing the improper instruction from impacting the verdict on Charge B. Therefore, we find "the error complained of could not have affected the result," *Rhoades*, 234 Va. at 24, and affirm Torres's conviction.[5]

---

[5] Although we find that any error here would be harmless error, circuit courts would be better to resist the inclination to refuse to give a jury instruction when a specific instruction has been requested by one of the parties and correctly reflects the law. *See Womack v. Circle*, 70 Va. (29 Gratt.) 192, 208 (1887) (explaining that "[i]f either party desire any specific instruction to be given, he has the right to ask it, and the court is bound to give it, provided it expounds the law correctly upon any evidence before the jury"). The Model Jury Instructions Committee is appointed by the Chief Justice of the Supreme Court of Virginia and comprised of outstanding and experienced Virginia judges, practicing attorneys, and law professors who voluntarily dedicate significant time to the development of these instructions. Thus, model jury instructions should seldom be disregarded, especially when requested by the parties.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*

Callins, J., concurring.

I concur in the judgment for the reasons stated by the majority. And although I agree that the Model Jury Instructions Committee is comprised of esteemed and learned individuals whose dedication and contributions are both commendable and appreciated, I decline to join the advisory portion of footnote 5.